Jimmy J. BOWN, Individually and d/b/a
Hi–Way Auto Parts II, Appellant,

v.

Michael LONGO, Appellee.

No. 2–95–026–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 26, 1995.

George White, Irving, for appellant.

C. Tony Wright, Dallas, for appellee.

Before DAY, LIVINGSTON and HOLMAN, JJ. .

## OPINION

HOLMAN, Justice.

Michael Longo took his pickup truck to Jimmy J. Bown, doing business as Hi–Way Auto Parts, II, for warranty repairs. Because repairs were scheduled to take more than a day, Longo requested, and Bown's employee agreed, that the truck would be stored overnight in a fenced and locked area. The repair shop did not keep the agreement, the truck was stolen, and Longo sued Bown for fraud, negligent bailment, and violations of the Deceptive Trade Practices Act.

After a bench trial, Longo obtained a judgment against Bown on his DTPA and negligence claim. Bown appeals on grounds of both legally and factually insufficient evidence and that Longo was not a consumer of goods or services within the meaning of the DTPA. Finding no reversible error, we affirm, but we also reform the trial court's judgment.

Longo testified that on April 24, 1991, he asked to have his truck kept in locked storage overnight, and that appellant's employee, Tim Powell, agreed. Powell testified that he did tell Longo "yes, it would be put back in the back because that's where all of the vehicles were put. But if it got put there or not, I don't know." Bown's repair shop had previously installed the truck's motor, which was not performing to Longo's satisfaction, and the truck was stolen from the shop while there for warranty service on the motor.

■ Bown's challenge to the legal sufficiency of the evidence is the same as a "no evidence" point which means we are to consider only the evidence and inferences that tend to support the findings and disregard all evidence and inferences to the contrary. *T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex.1992). If there is more than a scintilla of evidence to support the findings, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993).

■ Bown's challenge to the factual sufficiency of the evidence is the same as an "insufficient evidence" point, and places on him the burden of showing that the evidence supporting the findings is so weak or the evidence to the contrary is so overwhelming that the trial court result is clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Having examined all the evidence, we conclude that it is both legally and factually sufficient. Bown's first two points of error are overruled.

■ His third point of error relates to DTPA section 17.45(4), which defines "consumer" as "an individual ... who seeks or acquires by purchase or lease, any goods or services." TEX.BUS. & COM.CODE ANN.

§ 17.45(4) (Vernon 1987). Under the evidence, we conclude that by purchasing a motor and installation, Longo was purchasing goods and services, which included the warranty work, and he was a consumer within the meaning of the DTPA. The third point of error is overruled.

■ In findings of fact and conclusions of law, the trial court ruled against Longo's claim of fraud but found that Bown's acts constituted both negligence and a violation of section 17.46(a)(7) of the DTPA (which we believe is a clerical error, because there is no such section of the act, and this suit was filed under section 17.46(b)(7)). Because the trial court found that Longo was entitled to recover on inconsistent theories of both negligence and DTPA, an election of remedies should have been made before judgment to inform the court which remedy Longo wanted. Because the doctrine of election of remedies is for the benefit of the person whom judgment is to be entered against, Bown waived any objection to Longo's failure to elect remedies by not bringing it to the trial court's attention before judgment. *Thate v. Texas & Pac. Ry. Co.*, 595 S.W.2d 591, 599 (Tex.Civ.App.—Dallas 1980, writ dism'd).

■ The judgment awards $4500 to Longo as fair market value of the truck, which is based on findings of fact supporting the alternative and inconsistent theories that Bown's negligent acts were the proximate cause of Longo's loss and simultaneously violated DTPA section 17.46(b)(7). The judgment awards Longo attorney fees, which he cannot recover in connection with his negligence claim. DTPA section 17.50(d), however, does entitle a prevailing party to recover attorney fees on a DTPA claim. The judgment also awards enhanced damages to Longo under DTPA section 17.50(b)(1).

■ When the prevailing party fails to elect between alternative measures of damages, the court should utilize the findings affording the prevailing party the greater recovery and render judgment accordingly. *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 367 (Tex.1987). Where a trial court fails to do this, the appellate court will reform the trial court's judgment to effect such an election. *Star Houston, Inc. v. Shevack*, 886 S.W.2d 414, 423 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

The trial court findings that afford the greater recovery to Longo are those regarding the DTPA, but there are obvious omissions in the findings of fact and conclusions of law. The trial court made no finding or conclusion that Longo was a "consumer" within the DTPA or that Bown's violation of DTPA section 17.46(b)(7) was a *producing* cause of Longo's damages. Nevertheless, *Spradling v. Williams*, 566 S.W.2d 561 (Tex. 1978) recognizes that violation of any "laundry list" provision of section 17.46(b) is deceptive as a matter of law, and because we have already concluded that Longo was a "consumer," the omitted findings are presumed to support the judgment. Tex. R.Civ.P. 299.

That the trial court found *proximate* cause (the standard for negligence claims), while not finding *producing* cause (the standard for DTPA claims), is not fatal. In at least two recent court of appeals opinions, each affirmed by our Supreme Court in 1994, the relationship of these two standards was addressed. Because proximate cause embraces both cause-in-fact and foreseeability, both elements must be present to support a finding of proximate cause. On producing cause for DTPA claims, the same cause-in-fact element is required (as in proximate cause), but producing cause does not require the element of foreseeability. *See Peeler v. Hughes & Luce*, 868 S.W.2d 823, 827–28 (Tex.App.—Dallas 1993), *aff'd*, 909 S.W.2d 494 (1995) and *Doe v. Boys Clubs of Greater Dallas*, 868 S.W.2d 942, 954 (Tex.App.—Amarillo 1994), *aff'd*, 907 S.W.2d 472 (1995). Producing cause is an "efficient, exciting or contributing cause, which in the natural sequence, produced injuries or damages complained of, if any." *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 182 (Tex.1995) (quoting *Rourke v. Garza*, 530 S.W.2d 794, 801 (Tex. 1975)). In order to recover damages, there must be evidence that allows the fact finder to reasonably infer that the damages sued for have resulted from the conduct of the defendant. *Haynes & Boone*, 896 S.W.2d at 182. This causal nexus is met when a jury is

presented with pleadings and proof that establish a direct causal link between the damages awarded, the actions of the defendant, and the injury suffered. *Id.*

Because it is clear from the evidence and the trial court's findings and conclusions that the acts found to be negligent were the same acts found to violate the DTPA, we conclude that the findings of fact and conclusions of law on proximate cause are sufficient to satisfy the producing cause standard for Longo's DTPA claim. A finding of producing cause is presumed to have been made by the trial court in support of the judgment. TEX. R.CIV.P. 299.

We reform the judgment, holding that appellee timely made an election of remedies to recover only on his cause of action for appellant's violation of section 17.46(b)(7) of the DTPA; that appellee was a "consumer" within the meaning of the DTPA, and that appellant's violation of 17.46(b)(7) was a producing cause of appellee's actual damages of $4500.00 and the enhanced damages, costs of court, and attorney fees stated in the original judgment. The judgment, as reformed, is affirmed.