**2 FAT GUYS INVESTMENT, INC. and 2 Fat Guys Goodyear, Appellants,**

v.

**Kelly KLAVER, Appellee.**

No. 04–95–00464–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1996.

---

Peter Torres, Jr., Law Office of Peter Torres, Jr., P.C., San Antonio, for appellants.

Van H. Archer, III, San Antonio, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This is an appeal from an adverse judgment based upon appellant's alleged negligence and violations of the Texas Deceptive Trade—Consumer Protection Act. In nine points of error, appellant contends that (1) the evidence is both legally and factually insufficient to support the jury's findings of liability and damages and (2) the trial court erred in denying appellant's motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant, 2 Fat Guys Goodyear, is a business engaged in the service and repair of automobiles in San Antonio, Texas. In April of 1994, appellee took her 1987 Toyota Celica to appellant for an oil change and tune up.

Appellee retrieved her car from appellant on a Saturday. She drove her automobile around San Antonio on Sunday, she drove to and from work on Monday and Tuesday, and on Wednesday she drove to work and then to Bryan/College Station, Texas. Once in Bryan/College Station, appellee parked her car at a friend's apartment complex and did not drive it again until Sunday, except to go to and from a nearby store.

On Sunday, appellee started to drive back to San Antonio. Before she was outside of Bryan/College Station, her car began making knocking noises and died. The car was towed to a service center in Bryan, where Kenneth Ingold inspected the engine. Ingold removed a gasket used to hold the oil drain plug in place. He noticed that the gasket was too thin to properly hold the plug in place, and that all of the oil had leaked out of the car from the drain plug. He replaced the gasket and filled the car with oil.

The car was then towed back to appellant's place of business in San Antonio. The owner and manager of 2 Fat Guys Goodyear, Vladimir Minozevski, inspected the car and concluded that the oil had not leaked from the drain plug but from the top of the engine. Appellee then took her car to a Toyota dealership to have it inspected. Andy Drexler, a mechanic at the dealership, examined the car and determined that the oil had in fact leaked through the drain plug. He found that the engine had been almost completely eroded due to oil starvation. Drexler rebuilt the short block of appellee's engine and installed it.

Appellee sued appellant for violations of the Texas Deceptive Trade Practices—Consumer Protection Act and for negligence in connection with the service performed on her automobile. Appellee alleged at trial that either the use of an improperly sized gasket or the improper replacement of the existing

gasket caused the oil to slowly leak from the drain plug of her car, which, in turn, caused her engine to burn up.

The jury returned a verdict in favor of appellee on her misrepresentation, breach of warranty, and negligence claims. The jury found that appellee had suffered damages in the amount of $3,804.86 and had incurred attorney's fees in the sum of $1,875.00.

## ARGUMENTS ON APPEAL

The focus of appellant's appeal is that the evidence presented at trial is both legally and factually insufficient to support the jury's verdict as to both liability and damages.

### A. Standard of Review

■ In considering a legal insufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the finding, the no evidence challenge must fail. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987).

■ In considering a factual sufficiency point, we may not substitute our judgment for that of the trier of fact, but must assess all the evidence and reverse for a new trial only if the challenged finding shocks the conscience, clearly demonstrates bias, or is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Under this analysis, we are not fact finders and we do not pass upon the credibility of witnesses or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

### B. Misrepresentation under the DTPA

By its first point of error, appellant contends that the evidence is legally and factual-ly insufficient to support the jury's findings of misrepresentation under the DTPA.

■ Representing that the service or repair of an automobile has characteristics, uses or benefits which it does not have or representing that the service is of a particular standard, quality, or grade if it is not is actionable under the DTPA as misrepresentation. *See* TEX.BUS. & COM.CODE ANN. § 17.46(b)(5) and (7) (Vernon 1987); *see also Padgett v. Bert Ogden Motor's, Inc.*, 869 S.W.2d 532, 536 (Tex.App.—Corpus Christi 1993, writ denied); *Milt Ferguson Motor Co. v. Zeretzke*, 827 S.W.2d 349, 355 (Tex.App.— San Antonio 1991, no writ).

It is undisputed that appellant represented to appellee that her oil had been properly changed. Certainly, when appellee's car was returned to her with documentation that the oil and filters had been changed and that the work had been double checked, appellant represented to appellee that the service had been done properly and in a manner that would not result in future injury to the car. This representation necessarily included that all of the parts had been replaced in such a way that the oil would not drain out through the oil pan drain plug.

The evidence adduced at trial clearly indicates that appellant was having no unusual problems with her car, she took her car to appellant's shop to have the oil changed, the oil was changed, all of the oil drained out of appellant's car within a week, and appellee's engine burned up as a result of oil starvation. While Minozevski testified that the oil did not drain out of the car through the drain plug, two other mechanics, Ingold and Drexler, testified that the oil did leak through the drain plug and that the gasket was too thin to properly hold the drain plug in place.

There is nothing to indicate that anyone touched the drain plug or the gasket from the time appellant changed appellee's oil to the time it was discovered that there was no oil in the car. Whether the gasket was too thin or improperly replaced, the evidence supports a conclusion that appellant's actions in either failing to use a properly sized gasket or failing to properly secure the existing gasket was the producing cause of the oil draining from appellee's car.

Based upon the evidence adduced at trial, there is clearly some evidence that 2 Fat Guys Goodyear represented the service performed was of a particular standard, quality, or grade when such was not the case. Further, we do not find that the jury's findings are so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. As such, the evidence is both legally and factually sufficient to support a finding of misrepresentation regarding the services provided to appellee. Appellant's first point of error is overruled.

Because the jury's finding of misrepresentation supports appellant's liability under the Deceptive Trade Practices—Consumer Protection Act, it is unnecessary for us to address appellant's second and third points of error in reference to the jury's finding of breach of warranty under the DTPA. *See* Tex.Bus. & Com.Code Ann. § 17.50(a) (Vernon 1987) (stating that a finding of either breach of warranty or misrepresentation will support action under DTPA).

Furthermore, because we have determined that the evidence supports a violation of the DTPA, appellee is entitled to recover attorney's fees. *See* Tex.Bus. & Com.Code Ann. § 17.50(d) (Vernon 1987) (stating that each consumer who prevails under the DTPA shall be awarded reasonable and necessary attorney's fees). As such, appellant's sixth point of error, complaining that appellee is not entitled to an award of attorney's fees, is also overruled.

## C. Negligence

■ For much the same reasons that we find the evidence sufficient to support the jury's finding of liability under the DTPA, we find that the evidence is also sufficient to support the jury's finding as to negligence. A plaintiff suing under the DTPA must prove that the defendant's violation of the statute was the producing cause of his damages, while a party seeking to recover on a negligence cause of action must prove that the defendant's breach of a legal duty proximately caused his damages. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 498 (Tex.1995).

■ Certainly, appellant had a legal duty to perform the services they sold in a good and workmanlike manner. As discussed above, the evidence supports a finding that appellant breached that duty when it failed to properly attach a gasket with the appropriate characteristics to the drain plug so that oil would not leak from the car.

■ With respect to causation, common to the elements of proximate cause under a negligence cause of action and producing cause under the DTPA is cause in fact. *Bown v. Longo,* 909 S.W.2d 618, 620 (Tex. App.—Fort Worth 1995, no writ) (holding producing cause is equal to proximate cause without the element of foreseeability). Cause in fact requires evidence that allows the fact finder to reasonably infer that the damages claimed are a result of the defendant's conduct. In other words, there must be evidence to show that the defendant's conduct was a substantial factor in bringing about the injury. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 775 (Tex.1995).

As discussed above, the evidence clearly supports a finding of cause in fact. The jury could easily infer from the evidence that had appellant properly attached the gasket in question, or if a more appropriately sized gasket had been used, the oil would not have drained from appellee's car. There was testimony from Ingold that the gasket he removed from appellant's car was too thin to hold the drain plug in place. There was also direct testimony from Drexler that the damage to appellee's engine was a direct result of oil starvation brought about by an oil leak. As such, cause in fact was established.

■ There is, however, an additional element of foreseeability that must be established in order to find causation under a negligence cause of action. *Id.* The element of foreseeability requires evidence that a person of ordinary intelligence should have anticipated the damage that the negligence in question caused. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). Common sense dictates that if a gasket is improperly attached to the drain plug or if a gasket that is too thin to properly hold a drain plug in place is used, the oil put into the car will slowly drain from the car and cause damage

to the engine. Accordingly, the destruction of appellee's engine was foreseeable.

The evidence adduced at trial is both legally and factually sufficient to support the jury's finding that appellant was negligent in the service it provided to appellee. Appellant's fourth point of error is overruled.

### D. Damages

■ In its fifth point of error, appellant contends that the trial court erred in entering judgment based upon the jury's determination of damages because the evidence was legally and factually insufficient to support a finding that the cost of repairs was reasonable and necessary. Appellant is correct in its assertion that an award of damages may not be properly supported by simply establishing the amount paid. There must also be evidence that the amount paid was both reasonable and necessary. *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694 (Tex.1979).

■ In order to establish that repairs and expenses are reasonable and necessary, it is not imperative that the actual terms "reasonable" and "necessary" be used. *Carrow v. Bayliner Marine Corp.*, 781 S.W.2d 691, 694 (Tex.App.—Austin 1989, no writ). Instead, the damaged party is only required to present evidence of damages sufficient and competent enough to justify the jury's conclusion that the costs are in fact reasonable and necessary. *Id.*

■ In the present case, Ingold testified that when the car arrived at the Goodyear station in Bryan, the oil had completely drained from the engine and the engine was producing a knocking sound. Drexler testified that when he examined the car at the Toyota dealership in San Antonio, it contained no oil. He further testified that he tore the engine down and found that "it had been starved for oil ... scarred up ... just about completely eaten up."

Drexler testified that he assembled a new short block and installed it in appellee's car in order to get it running. Appellee testified that it was necessary for her to rent a car in order to get to and from work while the repairs were being made to her car.

Clearly, an engine that had been destroyed as a result of oil starvation would need repairs in order to function properly. It is reasonable to conclude that such an engine would need to be rebuilt and reinstalled. It is equally reasonable to conclude that the owner of the automobile being repaired would be required to find an alternative means of transportation until her car was in working order. Accordingly, the testimony of appellee, Ingold, and Drexler support a finding of necessity. *See Great American Homebuilders, Inc. v. Gerhart,* 708 S.W.2d 8, 12 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (holding appellee's testimony of leaking doors and windows support finding of necessity of repairs).

While there is no independent testimony regarding the reasonableness of the expense associated with the repair of appellee's car, the evidence supports such a finding. Appellee introduced into evidence a $3,310.02 bill and receipt for the repair of her vehicle by the Toyota dealership and a $494.84 bill and receipt for the use of a rental car while her car was being repaired. These bills indicate an objective valuation of the services provided from which the jury could infer that the amounts paid represent reasonable costs for repairing appellee's car and for renting a replacement vehicle.

On the other hand, Minozevski, the owner of 2 Fat Guys Goodyear, testified that he would have charged approximately $1,800 to rebuild an engine. He also testified that the services at the Toyota dealership were more expensive than the services at 2 Fat Guys Goodyear.

Two conflicting figures were presented to the jury and the jury was free to determine which amount was reasonable. *See Webb v. International Trucking Co., Inc.*, 909 S.W.2d 220, 229 (Tex.App.—San Antonio 1995, no writ) (holding cross-examination and controverting proof appropriate way to test sufficiency of evidence with regard to damages). The evidence presented at trial and the reasonable inferences that can be made therefrom justify the jury's finding that the costs incurred by appellee were reasonable.

We find that the evidence was both legally and factually sufficient to support the trial court's award of damages. Appellant's fifth point of error is overruled.

### E. Motion for Directed Verdict, Motion for Judgment Notwithstanding the Verdict, and Motion for New Trial

By his seventh through ninth points of error, appellant contends that because the evidence was insufficient to support the jury's findings of liability and damages, the trial court erred in denying its motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial.

Because we have found that the evidence was sufficient to support the jury's findings, we find no error in the trial court's denial of appellant's motions. Accordingly, appellant's seventh, eighth, and ninth points of error are overruled.

The judgment of the trial court is affirmed.