Charles A. BLANCHARD and Bobbie J. Blanchard, Plaintiffs,

v.

STATE FARM LLOYDS and John Denkler, Defendants.

No. Civ.A. H–01–2770.

United States District Court, S.D. Texas, Houston Division.

Nov. 27, 2001.

Stephen W. Boyd, Boyd, Saindon, et al., Houston, TX, for plaintiff.

Christopher W. Martin, Martin Disiere et al., Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

ROSENTHAL, District Judge.

This is one of a number of suits filed against State Farm Lloyds, challenging its refusal to pay homeowners' claims for foundation damage allegedly resulting from plumbing leaks. In all these cases, plaintiffs have sued not only State Farm Lloyds, a citizen of Illinois, but also a Texas defendant. The Texas defendants have included individual State Farm Lloyds adjusters or claim managers, or third-party engineering companies performing inspections for State Farm Lloyds' use in adjusting claims.

In this case, plaintiffs, Charles A. and Bobbie J. Blanchard, sued State Farm Lloyds and the individual adjuster assigned to their claim, John Denkler, in Texas state court, alleging violations of state law. Defendants removed, arguing that plaintiffs fraudulently joined Denkler as a defendant solely to defeat diversity of citizenship. Plaintiffs have filed a motion to remand; State Farm Lloyds has filed a response. (Docket Entry Nos. 9 and 10). Plaintiffs have also moved for leave to amend their petition to correct typographical errors, including the inadvertent inclusion of parties involved in other, similar cases filed against State Farm Lloyds by the same law firm. (Docket Entry No. 13). Denkler has also moved to dismiss or for summary judgment as to the claims against him; plaintiffs have responded and Denkler has replied. (Docket Entry No. 11, 15, 17). Both sides have provided this court with the numerous, and inconsistent, opinions reached by other courts presented with similar motions.[1]

---

1. Remanding: *Russell v. State Farm Lloyds*, No. 3:01CV–1305–D, 2001 WL 1326501 (N.D.Tex. Oct. 15, 2001) (Fitzwater, J.); *Faaitiiti v. State Farm Lloyds*, No. 00–CV–2181–G (N.D.Tex. July 19, 2001) (Fish, J.); *Rosenauer v. State Farm Lloyds*, No. H–01–1314 (S.D.Tex. June 27, 2001) (Hittner, J.); *Nunez v. State Farm Fire & Casualty Co.*, No. SA–00–CA–340–OG (W.D.Tex. Mar. 1, 2001) (Garcia, J.) (agreed order to remand); *Lipscomb v. State Farm Fire & Cas. Co.*, No. SA–00– CA–650–FB (W.D.Tex. Jan. 24, 2001) (Biery, J.); *Redford v. State Farm Lloyds*, No. A–99–CA–152–SS (W.D.Tex. May 24, 1999) (Sparks, J.); *Echeveste v. State Farm Fire & Cas. Co.*, No. V–99–012 (S.D.Tex. Apr. 22, 1999) (Rainey, J.); *Bruner v. State Farm Lloyds*, No. SA–99–CA–100–EP, 1999 WL 33290662 (W.D.Tex. Mar. 15, 1999) (Prado, J.); *Pousson v. State Farm Fire & Cas. Co.*, No. A–98–CA–762–SS (W.D.Tex. Jan. 6, 1999) (Sparks, J.); *Retzloff v. State Farm Lloyds*, No. SA–98–CA–247 (W.D.Tex. June 16, 1998) (Garcia, J.); *Porter v. State Farm Lloyds*, No. SA–98–CA–254–DWS (W.D.Tex. June 15, 1998) (Suttle, J.); *Diaz v. State Farm Lloyds*, No. SA–98–CA–252–EP (W.D.Tex. Mar. 24, 1998) (Prado, J.); *Wulf v. State Farm Lloyds*, No. SA–97–CA–755–FB (W.D.Tex. Mar. 3, 1998) (Biery, J.); *Gray v. State Farm Lloyds*, No. SA–98–CA–0084–HG (W.D.Tex. Feb. 23, 1998) (Garcia, J.); *Aguillon v. State Farm Lloyds*, No. SA–97–CA–735 (W.D.Tex. July 17, 1997) (Suttle, J.).

Denying remand: *Jones v. State Farm Lloyds*, No. H–01–1505 (S.D.Tex. July 23, 2001) (Werlein, J.); *Ardila v. State Farm Lloyds*, No. H–01–0454 (S.D.Tex. July 16, 2001) (Lake, J.); *Lamar v. State Farm Lloyds*, No. H–01–1676 (S.D.Tex. July 5, 2001) (Lake, J.); *Inge v. State Farm Lloyds*, No. H–01–1315 (S.D.Tex. July 3, 2001) (Hughes, J.); *Hansen v. State Farm Lloyds*, No. H–01–1457 (S.D.Tex. June 29, 2001) (Lake, J.); *Bailery v. State Farm Lloyds*, No. H–00–3638 (S.D.Tex. Dec. 18, 2000 and Apr. 11, 2001); *Bernstein*

Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court GRANTS the motion for leave to amend; DENIES the motion to dismiss; and GRANTS the motion to remand. The reasons are stated below.

## I. Background

In their amended state court petition, the Blanchards allege that State Farm Lloyds wrongfully refused to pay for foundation damage resulting from plumbing leaks, despite the fact that damage from plumbing leaks is covered by their homeowners policy. The Blanchards allege that in an effort to avoid paying this claim, State Farm Lloyds "hired a biased engineer to conduct an investigation of the cause of the damage," and that neither the insurer nor the engineer provided a reasonable or adequate explanation of the conclusion that the foundation damage had nothing to do with the plumbing leaks. The Blanchards allege that State Farm, "acting by and through its agents," has engaged in a "common plan of business dealings in the denial of such claims." (Docket Entry No. 14 at 2–3). The Blanchards allege that State Farm Lloyds and Denkler committed the following acts:

1. misrepresenting to plaintiffs that their State Farm Lloyds homeowners policy covered damage resulting from plumbing leaks;

2. failing to affirm or deny coverage of the claim within a reasonable time:

3. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims as to which liability has become reasonably clear;

4. disregarding pertinent evidence that the damage to the Blanchard's home was caused by plumbing leaks;

5. hiring a biased engineering company to obtain a result-oriented report to assist in denying plaintiffs' foundation claim;

6. failing to disclose to plaintiffs the engineer's relationship with insurance companies in investigating and reporting on foundation claims;

7. failing to give plaintiffs the benefit of the doubt and failing to have any policies or procedures to fairly resolve conflicting engineering reports; and

8. refusing to pay for the repair of plaintiffs' home without conducting a reasonable investigation and without providing a reasonable explanation.

(Docket Entry No. 14 at 4, 6).

The specific allegations as to Denkler are that he "represented the policy provided coverage for damage caused as a result of plumbing leaks"; obtained a "result-oriented" engineer's report to assist State Farm Lloyds in denying plaintiffs' claim; "disregarded all pertinent evidence relevant to why this damage was caused by plumbing leaks"; and "failed to fully and properly investigate the Plaintiffs' claim." (Id. at 3).

Plaintiffs alleged that State Farm Lloyds breached its insurance contract and violated the duty of good faith and fair dealing under the Texas Insurance Code, and breached its warranty in violation of the Texas Deceptive Trade Practices Act section 17.46(b)(19). Plaintiffs alleged that State Farm Lloyds and Denkler engaged in unfair insurance practices, in violation of Article 21.21 of the Texas Insurance Code and of the Texas Deceptive Trade Practices Act, and that their representations as to the policy violated sections 17.46(b)(5), (7), and (12) of the Texas Deceptive Trade

Practices Act. (Docket Entry No. 14 at 6–7). Plaintiffs seek actual damages against both Denkler and State Farm Lloyds, as well as additional damages under the statutes for knowing and intentional misconduct.

The threshold issue is whether defendants have met their burden of showing fraudulent joinder as to Denkler, so as to establish diversity jurisdiction.

## II. The Fraudulent Joinder Standard

■ Title 28 U.S.C. § 1441(a) provides:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). A case may be removed despite the presence of a resident defendant in the state court suit, if the removing defendant shows that the resident defendant was fraudulently or improperly joined.[2]

■ "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Several years ago, the Fifth Circuit held that to show fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's recitation of jurisdictional facts' or that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'" *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997) (quoting *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995) and *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 259 (5th Cir.1995)) (citations omitted).

■ In two recent decisions, the Fifth Circuit has stated the standard in somewhat different terms, holding that a party asserting fraudulent joinder must show that "there is no *reasonable* probability of recovery against the joined party." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir.2000) (emphasis added); *see also Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir.2000) (stating that "there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder"). Recently, however, the Fifth Circuit again relied upon the "no possibility of recovery" standard. *See Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (stating that to show fraudulent joinder, "[defendant] must demonstrate either fraud in the recitation of jurisdictional facts or the absence of any possibility that the bank has stated a claim against [plaintiff]") (citing *Rodriguez*, 120 F.3d at 591). Together, these somewhat varying precedents instruct that before refusing to remand a case, a district court must at least find that there is no reasonable possibility that state law would allow recovery against a nondiverse defendant, based on the facts alleged. If no reasonable possibility of recovery is present, the court must then examine whether the possibility of recov-

---

**2.** "Fraudulent joinder" does not require a showing that the plaintiff had an intent to deceive or knew that the facts alleged were false. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992).

ery is so hypothetical, speculative, or implausible as to amount to no possibility at all.

 The question is not whether plaintiffs will probably prevail in state court, but only whether there is a reasonable possibility that a state court could find that plaintiffs stated at least one valid cause of action against the nondiverse defendant. *See Rodriguez,* 120 F.3d at 591. This court must " 'evaluate all of the factual allegations in the [plaintiffs'] state court pleadings in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]' and [must] 'examine relevant state law and resolve all uncertainties in favor of the nonremoving party.' " *Rodriguez,* 120 F.3d at 591 (quoting *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205–06 (5th Cir. 1983)). Fraudulent joinder has been proven only if, "after resolving all disputed questions of fact and all ambiguities in the controlling state law in favor of the nonremoving party," there is no reasonable possibility that the state court would recognize a valid cause of action against the nondiverse defendants. *Burden,* 60 F.3d at 217; *Delgado,* 231 F.3d at 179. "Whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir.1999). If the facts plaintiffs allege do not state an actionable claim against the nondiverse defendant, a hypothetical possibility that such a claim could be brought is not enough to warrant remand. *Id.*

## III. Analysis

Article 21.21, section 4 of the Texas Insurance Code provides an extensive list of acts or practices forbidden as unfair or deceptive in the business of insurance. TEX.INS.CODE ANN. art. 21.21 § 4 (Vernon Supp.2001). Section 17.46 of the Texas Deceptive Trade Practices Act provides an extensive list of acts or practices that are forbidden in all businesses as unfair or deceptive. TEX.BUS. & COM.CODE ANN. 17.46 (Vernon Supp.2001). Both the Texas Insurance Code and the Texas Deceptive Trade Practices Act permit a private cause of action against "any person" who commits one of the prohibited acts or practices. *See* TEX.INS.CODE ANN. art. 21.21 § 16 (Vernon Supp.2001); TEX.BUS. & COM. CODE ANN. § 17.50 (Vernon Supp.2001). Texas courts have held that the statutory language is broad enough to permit a cause of action against an insurance agent or representative who engages in unfair or deceptive acts or practices. In the two most prominent cases, *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482 (Tex.1998) and *State Farm Fire & Cas. Co. v. Gros,* 818 S.W.2d 908 (Tex.App.—Austin 1991, no writ), Texas courts held that a insurance sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages. *See Garrison,* 966 S.W.2d 482 (agent misrepresented the amount of premium due under the policy); *Gros,* 818 S.W.2d 908 (agent misrepresented that damage to home from mudslide was covered under homeowner's policy).

 Plaintiffs do not argue that they have viable claims against Denkler for breach of contract, breach of the duty of good faith and fair dealing, or breach of express warranty. Texas law is clear that they do not. In *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir.1999), the Court emphasized that an insurance agent not in a contractual relationship with an insured cannot be liable to the insured for breach of contract. In *Natividad v.*

*Alexsis,* 875 S.W.2d 695 (Tex.1994), the Texas Supreme Court made it clear that it is the insurance company, not its agents, that has the duty of good faith and fair dealing to its insureds.

The issue is whether the Blanchards have stated viable claims against Denkler for unfair claims handling practices, in violation of Article 21.21 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. To the extent that the Blanchards base their claims against Denkler on the allegation that he misrepresented the policy terms, Denkler has met his burden of showing that there is no reasonable possibility that he could be found liable. Denkler submitted an undisputed affidavit stating that his role was limited to that of claim adjuster.[3] The record before this court makes it clear that Denkler did not sell the policy; did not explain the policy terms to the Blanchards as prospective buyers; and did not function other than as a claim adjuster.

The Blanchards rely on *Garrison,* in which the Texas Supreme Court found that an agent whose "job responsibilities included soliciting and obtaining insurance policy sales and explaining policy terms to prospective buyers" and was "also responsible for explaining premium calculations to consumers" could be subject to suit under Article 21.21. *Garrison,* 966 S.W.2d at 486. The Court reasoned that such an agent, who had "a measure of expertise in the field, which was necessary to perform his job," was "engaged in the business of insurance". On the other hand, "an employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a

clerical worker or janitor, does not engage in the insurance business." *Id.*

Denkler cannot be subject to suit on the same basis as the agent in *Garrison.* Denkler has demonstrated that he did not function as a sales agent and made no representations to the Blanchards of the policy terms or benefits on which they relied in purchasing the policy. However, as the Texas Supreme Court pointed out in *Garrison,* Article 21.21 § 2(a) specifically lists "adjusters" among those included in the definition of "person[s] . . . engaged in the business of insurance" who are subject to suit under the Texas Insurance Code. 966 S.W.2d at 484. Denkler had the responsibility and expertise of an adjustor in servicing insurance policies. Denkler acknowledges in his affidavit that as one of the adjusters responsible for claims handling assigned to the Blanchards' claim, he reviewed the plumbing tests and secured an inspection and reports from an engineer. (Docket Entry No. 11, Ex. 1). State Farm Lloyds denied the claim on the ground that the foundation damage was not caused by plumbing leaks. (*Id.*). Denkler is a "person" under section 2(a) of the Texas Insurance Code. The issue is whether the Blanchards have stated viable claims against Denkler for his work as the adjuster assigned to this claim.

The Blanchards allege that State Farm Lloyds had a widespread policy, a "common plan," of denying homeowners' claims for foundation damage allegedly associated with plumbing leaks. The Blanchards allege that pursuant to this plan, Denkler hired a biased engineer to conduct the inspection to avoid paying the claim; "disregarded all pertinent evidence relevant to why this damage was caused by the

---

**3.** While a federal court may not "pretry" a case to determine removal jurisdiction, a court may resolve fraudulent joinder claims by "piercing the pleadings" and considering summary judgment-type evidence, such as affidavits and deposition testimony. *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.1990).

plumbing leaks"; and "failed to fully and properly investigate the Plaintiffs' claim." Section 4(10)(a)(ii) of article 21.21 makes it an unfair settlement practice to fail "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Section 3 of Article 21.21 prohibits a "person," such as Denkler, from engaging in an unfair settlement practice which, under section 4 of Article 21.21, is an "unfair method of competition or an unfair or deceptive act or practice in the business of insurance."

By alleging that Denkler hired a biased engineering firm; disregarded evidence that the damage was caused by the plumbing leaks; and failed to conduct a full and fair investigation of the claim, the Blanchards allege facts that, if proven, could make it reasonably possible for a Texas court to find that Denkler violated section 4(10)(a)(ii). Additionally, plaintiffs allege that Denkler failed to provide "a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim." This allegation, with the underlying factual claims that Denkler disregarded the pertinent evidence showing why the damage was due to the plumbing leaks and hired a biased engineer to produce a result-oriented report, states a claim under Article 21.21, section 4(10)(a)(iv) of the Texas Insurance Code. Given the allegations, this court cannot hold that there is no reasonable possibility that plaintiffs could establish a claim against Denkler in state court for violating sections 4(10)(a)(ii) or (iv). *See Russell v. State Farm Lloyds,* No. 3:01–CV–1305–D, 2001 WL 1326501 (N.D.Tex. Oct. 15, 2001) (reaching a similar conclusion based on nearly identical allegations).

■ Both the Texas Insurance Code and the Texas Deceptive Trade Practices Act require proof that the defendant's conduct was the cause in fact of the plaintiff's actual damages. *Provident Am. Ins. Co. v. Castaneda,* 988 S.W.2d 189, 192 (Tex. 1998) (Insurance Code); *2 Fat Guys Inv., Inc. v. Klaver,* 928 S.W.2d 268, 272 (Tex. App.—San Antonio 1996, no writ). The Blanchards claim to have been injured by State Farm Lloyds' "common plan" of refusing to pay homeowners' claims for foundation damage resulting from plumbing leaks and by Denkler's and State Farm's actions taken to carry out that common plan.

The petition in this case has some significant differences from the petitions in some of the cases in which the courts have denied remand. Unlike the petitions in *Hansen v. State Farm Lloyds,* No. H–01–1457 (S.D.Tex. June 29, 2001) (Lake, J.), and *Jones v. State Farm Lloyds,* No. H–01–1505 (S.D.Tex. July 23, 2001) (Werlein, J.), in which the court declined remand on the basis of fraudulent joinder, the petition in this case includes allegations of specific acts by the adjuster as well as State Farm Lloyds that caused State Farm Lloyds to refuse to pay the claim for foundation damage. In this case, unlike *Hansen,* the petition alleges that Denkler hired a biased engineering firm; failed to provide a reasonable explanation for the refusal of coverage; and delayed a decision on coverage. In this case, unlike *Hansen,* the plaintiffs seek relief against both the adjuster and the insurer, not against State Farm Lloyds alone.

The different results reached by district courts considering the motions to remand in these very similar cases reflect, in part, differences in the underlying petitions. Plaintiffs' counsel have refined and revised their pleadings in response to some of the refusals to remand. The different results

also reflect, in part, the difficulty in applying the standard for fraudulent joinder. The standard is particularly difficult where, as here, the individual defendant's presence enables plaintiffs to avoid federal court, despite the fact that the individual defendant is not necessary to plaintiffs' recovery. However, the combination of Texas law recognizing a cause of action against an individual insurance adjuster or agent for acts taken in the course of employment, for which the insurer/employer is also liable, and the federal standard for fraudulent joinder, leads this court to conclude that defendants have not met the heavy burden of showing fraudulent joinder on the facts plead in this case.

The motion for leave to amend is GRANTED; the motion to dismiss is DENIED; and the motion to remand is GRANTED.

This case is remanded to the 127th Judicial District Court of Harris County, Texas.