## In re NATIONAL HEALTH INSURANCE COMPANY, Relator.

### No. 13–03–00252–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 26, 2003.

Gilberto Hinojosa, Magallanes, Hinojosa & Mancias, Norton A. Colvin, Jr., Rodriguez, Colvin & Chaney, LLP, Brownsville, Thomas M. Michel, William L. Kirkman, Bourland, Kirkman, Siedler, Evan, Jay & Michel, L.L.P., Fort Worth, for relator.

Jim Solis, Harlingen, Anthony L. Vitullo, Fee, Smith, Sharp & Vitullo, L.L.P., Rebecca E. Bell, Dallas, for real parties in interest.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Relator, National Health Insurance Company ("NHIC"), has filed a petition for writ of mandamus, requesting that this Court order respondent, the Honorable Daniel T. Robles, presiding judge of the Cameron County Court at Law Number Three, to vacate his order denying relator's request to depose the real parties in interest, Irma Saldivar ("Irma") and Candido Saldivar ("Candido"), concerning their use of alcohol, illegal drugs, or narcotics. The real parties in interest have filed a

response, and relators have filed a reply. *See* Tex.R.App. P. 52.4, 52.5. Without hearing oral argument, we grant relator's petition for writ of mandamus. *See* Tex. R.App. P. 52.8(c).

On February 10, 2000, Irma applied for a health insurance policy from NHIC. Irma signed the written application, requesting that her husband, Candido, and her children be included in the policy. In the application, Irma specifically stated that neither she nor Candido had symptoms of drug or chemical abuse. After she submitted the written application, a NHIC representative spoke with Irma by telephone and verified the statements made in the application. During this taped conversation, Irma stated that neither she nor Candido had ever abused alcohol, illegal drugs, or narcotics.

On March 30, 2000, during the application process, and before NHIC had determined whether to insure the Saldivar family, Candido was hospitalized for "GI bleeding." The hospital records of that hospitalization reflect that Candido smokes approximately one-half pack of cigarettes per week, drinks heavily, and occasionally uses marihuana and cocaine. NHIC subsequently issued a policy covering Irma and her children, but refused to issue coverage for Candido.

The Saldivars filed suit against NHIC, alleging NHIC had failed to timely issue an insurance policy covering Candido. The Saldivars assert they incurred medical bills for Candido's hospitalization that are not covered by the insurance policy NHIC issued to Irma. They claim that if NHIC had processed Irma's application more expeditiously, Candido's hospitalization would have been covered. The Saldivars contend NHIC violated articles 21.21 and 21.55 of the Texas Insurance Code.

As a defense, NHIC claims the Saldivars cannot establish that any alleged wrongdoing by NHIC is the proximate cause of their damages. To that extent, NHIC seeks to establish that the Saldivars used illegal drugs and that they purposefully concealed such use during the policy application process. NHIC contends that even if the application had been processed more expeditiously, it would not have issued an insurance policy covering Candido because of his illegal drug use. Further, NHIC contends that even if such a policy had been issued, once it was determined that Candido used illegal drugs and that such use was concealed during the application process, it would have cancelled Candido's coverage.

On April 2, 2003, relator took the depositions of Irma and Candido. Relator asked Candido and Irma about their use of illegal drugs. Relator specifically asked about Candido's drug use, as reflected in the hospital records. The Saldivars were also asked about their representation to NHIC that neither had used any illegal drug, clearly contradicting statements made by Candido and included in his medical records. Counsel for the Saldivars instructed his clients not to answer these questions, asserting the questions were improper and constituted harassment. Because the Saldivars refused to answer any questions concerning illegal drug use, NHIC filed a motion to compel and to reconvene the depositions. On April 23, 2003, respondent denied NHIC's motion. On April 24, 2003, NHIC filed a petition for writ of mandamus in this Court.

■■■ Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion when it does not follow guiding rules and principles and reaches an arbitrary and unreasonable decision. *Id.* at 839–40; *Republic*

*Royalty Co. v. Evins,* 931 S.W.2d 338, 342 (Tex.App.-Corpus Christi 1996, orig. proceeding). An appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error. *Walker,* 827 S.W.2d at 843. Similarly, a denial of discovery going to the heart of a party's case may render the appellate remedy inadequate. *Id.*

Misrepresentations contained in the insurance application process constitute defenses to coverage or insurability and allow rescission of coverage. *See Mayes v. Mass. Mut. Life Ins. Co.,* 608 S.W.2d 612, 616 (Tex.1980); *Koral Indus., Inc. v. Security–Conn. Life Ins. Co.,* 788 S.W.2d 136, 141 (Tex.App.-Dallas), *writ denied per curiam,* 802 S.W.2d 650 (Tex. 1990). A misrepresentation on an application defense is valid both to any claim for breach of contract as well as extra-contractual claims. *See Koral,* 788 S.W.2d at 147–48 (if a policy is properly avoided or rescinded, it would be ludicrous to nevertheless hold that the insurance company denied a claim based on the policy when its liability under the policy had become reasonably clear, because there can be no liability whatsoever under an avoided or rescinded policy).

The Saldivars contend that NHIC failed to timely process their application for insurance, and that if it had done so, Candido's medical expenses would have been covered. Under the Texas Insurance Code, the Saldivars must prove that NHIC's conduct, i.e., its failure to timely process the application for insurance, was the cause in fact of their actual damages. *Blanchard v. State Farm Lloyds,* 206 F.Supp.2d 840, 847 (S.D.Tex.2001) (citing *Provident Am. Ins. Co. v. Castaneda,* 988 S.W.2d 189, 192 (Tex.1999)).

NHIC's underwriting guidelines provide that illegal drug abuse or addiction constitutes a "Risk Not Acceptable," and that applications with any "Risk Not Acceptable" conditions will be cancelled and refunded without question. Therefore, if NHIC is able to prove that Irma made material misrepresentations regarding Candido's drug and alcohol use during the application process, NHIC may be able to show that it would not have issued policy coverage to Candido; and even if it had issued the policy, coverage would have been rescinded once the use of illegal drugs was discovered.

A party may obtain discovery regarding any matter that is not privileged and relevant to the subject matter of the pending action, whether it is related to the claim or defense of the party seeking discovery or the claim or defense of any other party. Tex.R. Civ. P. 192.3(a). It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

We conclude that the information sought by NHIC regarding the Saldivars' illegal drug use and failure to reveal said drug use is relevant to NHIC's misrepresentation defense. Accordingly, we hold the trial court abused its discretion when it refused to reconvene the depositions and refused to compel the Saldivars to provide evidence going to the very heart of NHIC's defense.

We conditionally grant relator's petition for writ of mandamus. The writ will issue only if respondent fails to vacate his order of April 24, 2003, and fails to grant relator's motion to compel and to reconvene the Saldivars' depositions.