**LIBERTY MUTUAL INSURANCE COMPANY and Robert G. Garrett, Petitioners,**

v.

**GARRISON CONTRACTORS, INC., Respondent**

No. 96–1013.

Supreme Court of Texas.

Argued Oct. 7, 1997.

Decided April 14, 1998.

P. Michael Jung, W. Neil Rambin, Dallas, for Petitioners.

Wade C. Hudman, Odessa, Philip K. Maxwell, Austin, for Respondent.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, HECHT, ENOCH, OWEN, ABBOTT and HANKINSON, Justices, join.

The primary issue in this case is whether an insurance agent employed by an insurance company is a "person" under section 2(a) of Article 21.21 of the Insurance Code. The court of appeals held that Robert Garrett, a Liberty Mutual Insurance Company employee-agent, was a person under that provision, and accordingly subject to suit under section 16 of Article 21.21. We affirm.

## I.

In 1986, the president of Garrison Contractors, Inc. contacted Robert Garrett to obtain an insurance quote on the company's workers' compensation, general liability, and automobile liability insurance from Liberty Mutual Insurance Company. Garrett was a Liberty employee-agent whose duties included soliciting and obtaining insurance policy sales for Liberty as well as explaining policy provisions and premium calculations to customers.

After meeting with Garrett, Garrison purchased a three-year, multi-line insurance policy from Liberty. The policy featured a retrospective premium plan, in which a base premium is paid, then adjusted based on actual losses. If losses are less than expected, the insurer refunds part of the base premium. If losses are greater than expected, the insured owes additional premiums. During the policy period, Garrison paid both base premiums and retrospective premiums. When the policy period ended, Liberty billed Garrison $159,371.85 more in retrospective premiums. Garrison refused to pay and Liberty sued to collect the premiums. Garrison

counterclaimed against Liberty and filed a third-party claim against Garrett. Claiming that Liberty and Garrett misrepresented the retrospective premium terms, Garrison alleged common-law bad faith, breach of fiduciary duty, DTPA violations, and Insurance Code violations.

The trial court granted Liberty and Garrett's motion for summary judgment on Garrison's counterclaim against Liberty and its third-party claim against Garrett. The trial court also granted Liberty's motion for summary judgment on its sworn account suit against Garrison.

The court of appeals affirmed Liberty's summary judgment, disallowing Garrison's claims for breach of the duty of good faith and fair dealing and breach of fiduciary duty. However, the court of appeals reversed the summary judgment for Liberty and Garrett against Garrison's DTPA and Insurance Code claims. The court of appeals held, in part, that material fact issues remained about the alleged policy misrepresentations, and that Garrison had a cause of action against Garrett individually on both the DTPA and Insurance Code claims.[1] Finally, the court of appeals reversed the summary judgment on Liberty's sworn account claim because Garrison's summary judgment proof raised a fact issue on whether there was agreement between the parties regarding price due to the alleged misrepresentations.

We granted Liberty and Garrett's application for writ of error primarily to consider whether an insurance company employee is a "person" under section 2(a) of Article 21.21 of the Insurance Code.

## II.

■ Our objective when we construe a statute is to determine and give effect to the Legislature's intent. TEX. GOV'T CODE § 312.005; *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997). We accomplish that purpose, first, by looking to

the plain and common meaning of the statute's words. *See Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). We must also view a statute's terms in context and give them full effect. *See Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex.1994); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985). A statute's legislative history may also be helpful in divining the Legislature's intent. *Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 422 (Tex.1995). Finally, we bear in mind the "old law, the evil, and the remedy." TEX. GOV'T CODE 312.005.

■ The purpose of Article 21.21 "is to regulate trade practices in the business of insurance by defining, or providing for the determination of, *all* such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined." TEX. INS.CODE art. 21.21, § 1(a) (emphasis added). Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive. *Id.* § 16(a). In addition, the Texas Department of Insurance and the attorney general are authorized to take enforcement actions against any person who engages in deceptive acts or practices. *See id.* §§ 6, 7, 15.

"Person" means

> any *individual*, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters and life insurance counselors.

*Id.* § 2(a) (emphasis added). Liberty and Garrett contend that the definition only

---

**1.** Liberty and Garrett's summary judgment motion did not assert that Garrison's DTPA claims against Garrett individually were precluded. Instead, the summary judgment motion focused on Garrett's individual liability under the Insurance Code. Likewise, on appeal, the defendants do not

argue about Garrett's individual liability under the DTPA. Accordingly, we express no opinion on the issue of whether there may be individual DTPA liability against an insurance company employee.

reaches business entities, and not the entities' employees; employees, they contend, do not engage in the business of insurance, but engage in their employer's business. They argue that no purpose is served by including employees like Garrett in the definition of "person" because an insurance company will always be liable for its employees' activities in the course and scope of employment. *See Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96, 98 (Tex.1994) (citing *Royal Globe Ins. Co. v. Bar Consultants,* 577 S.W.2d 688, 693–94 (Tex.1979)).

We disagree. First, the legislative history of a 1985 amendment to Article 21.21 supports the conclusion that the term "person" is not limited to business entities. In the 1985 session, the Legislature modified section 16 of Article 21.21. That section had formerly provided a cause of action for unfair or deceptive insurance practices "against the *company* or *companies* engaging in such acts or practices." Act of May 9, 1973, 63rd Leg., R.S., ch. 143, § 2(c), 1973 Tex. Gen. Laws 322, 338 (amended 1985) (current version at TEX. INS.CODE art. 21.21, § 16) (emphasis added). The Legislature amended section 16 to provide a cause of action against "a person or persons" engaging in unfair or deceptive practices, rather than "a company or companies." Act of March 19, 1985, 69th Leg., R.S., ch. 22, § 3, 1985 Tex. Gen. Laws 395 (current version at TEX. INS.CODE art. 21.21, § 16).

The word "company" is commonly understood to mean "a business enterprise; firm." AMERICAN HERITAGE DICTIONARY 384 (3d ed.1992). Thus, the Legislature's change of the word "company" to the term "person" is highly suggestive: if the Legislature intended the term "person" to have the narrow meaning that Liberty and Garrett would give it, this alteration would have been an empty gesture. The word "company" would have been broad enough to include the business entities that Liberty and Garrett contend are within the statutory definition. But we do not lightly presume that the Legislature may have done a useless act. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 551 (Tex.1981).

Additionally, we have previously noted that the term "business of insurance" in Article 21.21 is "connected with and used with reference to a particular trade or subject matter." *Great American Ins. Co.,* 908 S.W.2d at 421 (citing TEX. GOV'T CODE § 312.002(b)). Therefore, the Legislature has instructed us to assign the term "the meaning given by experts in the particular trade, subject matter, or art." TEX. GOV'T CODE § 312.002(b). In this case, the Department of Insurance has appeared as an amicus curiae. The Department's expertise in the insurance trade is unquestionable: it was "created to regulate the business of insurance in this state." TEX. INS.CODE art. 1.01A(b). The Department maintains that an insurance company employee may engage in the business of insurance, and therefore, may be a "person" under Article 21.21.

The Department's regulations reflect that position. The Department "is authorized to promulgate . . . and enforce reasonable rules and regulations . . . necessary in the accomplishment of the purposes" of Article 21.21. TEX. INS.CODE art. 21.21, § 13(a). Exercising that power, the Department has adopted section 21.1 of Title 28 of the Texas Administrative Code. That rule provides:

> It is the purpose of these sections to further define and state the standards that are necessary to prohibit deceptive acts or deceptive practices by insurers and insurance agents *and other persons in their conduct of the business of insurance . . . irrespective of whether the person is acting as* insurer, principal, agent, employer, or *employee,* or in other capacity or connection with such insurer.

28 TEX. ADMIN. CODE § 21.1 (West 1997) (emphasis added).

Liberty and Garrett maintain that some individuals, such as independent agents and brokers, are "persons" under Article 21.21, while individuals who are employed by insurance companies are not. If we were to accept that view, however, it would create anomalous results. An independent agent would be subject to suit under section 16 of Article 21.21 (and to enforcement action under sections 7 and 15) for misrepresenting a policy's terms, while an employee-agent would not.

That result is contrary to the Legislature's intent to comprehensively regulate and prohibit deceptive insurance practices. *See* Tex. Ins.Code art. 21.21, § 1(a).

Liberty and Garrett also assert that our reasoning in *Allstate Insurance Co. v. Watson* precludes a holding that insurance company employees are "persons" under Article 21.21. 876 S.W.2d 145 (Tex.1994). In *Watson*, we held that a third-party claimant lacked standing to sue her adversary's carrier under Article 21.21. *Id.* at 150. *Watson*, however, is simply inapposite because this case does not involve a third-party claim.

Liberty and Garrett next argue that section 23 of article 21.21 decides the issue here. Section 23 provides that "[t]hose civil penalties, premium refunds, judgments, compensatory judgments, individual recoveries, orders, class action awards, costs, damages, or attorneys' fees which are assessed or awarded as provided in this Article shall be paid only from the capital or surplus funds of the offending insurance company." Tex. Ins. Code art. 21.21, § 23. Liberty and Garrett contend that because section 23 only refers to payment of judgments by an "offending insurance company," the Legislature has limited article 21.21's remedies to recovery against insurance companies. *See id.* § 23. We disagree. While section 23 restricts how an "offending insurance company" may satisfy a judgment under article 21.21, it does not limit the scope of section 2(a).

Finally, a number of other statutes define "person" similarly to Article 21.21. Like Article 21.21, these statutes first list an individual among the regulated class, followed by various types of legal entities, followed by the general catch phrase "any other legal entity." *See, e.g.,* Tex.Rev.Civ. Stat arts. 4447cc, § 3(a)(6) (Environmental Health and Safety Audit Privilege Act), 4542a–1, § 5(31) (Texas Pharmacy Act), 5221l, § 6(j) (Health Spa Act), 8407a, § 4(j) (Texas Barber Law), and 9023c, § 1(4) (solicitations by public safety organizations, publications, and independent promoters); Tex. Health & Safety Code § 341.001(5) (Minimum Standards of Sanitation and Health Protection Measures); Tex. Health & Safety Code § 361.003(23) (Solid Waste Disposal Act); Tex. Health & Safety Code § 382.003(10) (Clean Air Act); Tex. Health & Safety Code § 481.002(33) (Texas Controlled Substances Act); Tex. Nat. Res.Code § 131.004(16) (Uranium Surface Mining and Reclamation Act); Tex. Water Code § 31.001(6) (subsurface evacuations). If, as the dissent would hold, the definition encompasses only legal entities under Article 21.21, individual employees would also not be regulated (or protected) under other laws that similarly define "person."

We emphasize, however, that not every employee of an insurance company is a "person" under Article 21.21 and therefore subject to suit under section 16. To come within the statute, an employee must engage in the business of insurance. In this case, Garrett personally carried out the transaction that forms the core of Garrison's complaint. Garrett testified that his job responsibilities included soliciting and obtaining insurance policy sales and explaining policy terms to prospective buyers. He was also responsible for explaining premium calculations to consumers. Garrett was thus required to have a measure of expertise in the field, which was necessary to perform his job. Clearly, Garrett was engaged in the business of insurance. On the other hand, an employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor, does not engage in the insurance business.

### III.

Liberty and Garrett argue, finally, that the court of appeals erred in remanding Garrison's DTPA and Insurance Code claims and related defenses to Liberty's sworn account claim. We disagree. The court of appeals held that the trial court erred in granting summary judgment because Garrison raised a material fact issue on whether Liberty and Garrett misrepresented the policy terms. 927 S.W.2d at 300. Alternatively, Liberty and Garrett contend that the court of appeals remanded too much because it held that only one of Garrison's grounds for recovery under the DTPA and Insurance Code was viable.

The court of appeals compared some of the allegations in Garrison's summary judgment affidavits to claims that another court of appeals held were not actionable in *Heritage Manor of Blaylock Properties, Inc. v. Petersson,* 677 S.W.2d 689, 691 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). 927 S.W.2d at 300. But the court reversed the summary judgment because Garrison's affidavits created a fact issue on whether Liberty and Garrett violated the DTPA and Insurance Code by misrepresenting that the retrospective premiums would not exceed ten to fifteen percent of Garrison's 1986 premium. *Id.*

Our decision in *Coats* controls our disposition of these points. In *Coats,* we held that an insurance company could be liable under the Insurance Code for its agent's affirmative representations about the policy. 885 S.W.2d at 99. Garrison presented summary judgment evidence creating a fact issue on whether Liberty and Garrett misrepresented the policy terms by telling Garrison that the retrospective premiums were subject to a cap. Because Liberty and Garrett did not establish their entitlement to judgment as a matter of law on Garrison's DTPA and Insurance Code claims and defenses, the court of appeals did not err in remanding.

\* \* \*

We hold that section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance. We also hold that the court of appeals properly remanded Liberty's sworn account claim and Liberty and Garrison's Insurance Code and DTPA claims to the trial court. Accordingly, we affirm the judgment of the court of appeals.

BAKER, Justice, joined by GONZALEZ, Justice, concurring and dissenting in part.

I agree with the Court's judgment except where the Court holds that an insurance company employee, acting within the course and scope of employment, can be individually liable under the Insurance Code. Therefore, I dissent in part.

## I. BACKGROUND

After Garrison refused to pay a retrospective premium, Liberty sued to collect the premium. Garrison counterclaimed against Liberty and filed a third-party claim against Liberty's employee, Garrett. The court of appeals reversed a summary judgment for Liberty and Garrett. The court of appeals held, in part, that material fact issues remained about alleged policy misrepresentations, and that Garrison had a private cause of action against Garrett individually under the Insurance Code. We granted application for writ of error to decide whether an insurance company employee can be individually liable under the Insurance Code for acts in the course and scope of employment.

## II. INSURANCE CODE CLAIMS AGAINST INSURANCE COMPANY EMPLOYEES

As the Court holds, we determine the Legislature's intent by the plain and common meaning of the statute's words. *See Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993). When a statute is clear and unambiguous, we enforce that clear meaning. *See Monsanto,* 865 S.W.2d at 939. We must also give full effect to all a statute's terms in context. *See Bridgestone/Firestone, Inc. v. Glyn–Jones,* 878 S.W.2d 132, 133 (Tex.1994); *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985). Here, the statute does not envision individual liability against insurance company employees.[1]

Article 21.21 allows a person harmed by unfair competition methods or unfair or deceptive acts or practices to sue "the person or persons engaging in such acts or prac-

---

1. The Court gives considerable deference to the Department of Insurance's views as amicus curiae. Importantly, the Insurance Code's regulatory powers are broad and extend to "all agents of [insurance] companies," regardless of whether they are a "natural or artificial person[] engaged in the business of insurance." *See* TEX. INS.CODE art. 1.10(7)(g). These broad regulatory powers are unlike article 21.21 which gives parties like Garrison a more limited private right of action. Consequently, the Department's regulatory powers are not affected by our interpretation of article 21.21, section 16(a)'s scope.

tices." *See* TEX. INS.CODE art. 21.21, § 16(a). Article 21.21, section 2(a) lists potential defendants by defining "person" as:

> [a]ny individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and *any other legal entity engaged in the business of insurance,* including agents, brokers, adjusters and life insurance counselors.

TEX. INS.CODE art. 21.21, § 2(a)(emphasis added).

Thus, for a "person" to have Insurance Code liability, the "person" must be a "legal entity engaged in the business of insurance." *See* TEX. INS.CODE art. 21.21, § 2(a). Not just *any* "person" fits the definition. Instead, only a "person" that acts as a "legal entity" in the insurance business can be held liable.

Because article 21.21, section 2(a) limits liability to "legal entit[ies] engaged in the business of insurance," it does not provide a cause of action against insurance company employees. *See French v. State Farm Ins. Co.,* 156 F.R.D. 159, 163 (S.D.Tex.1994); *Ayoub v. Baggett,* 820 F.Supp. 298, 299 (S.D.Tex.1993); *Arzehgar v. Dixon,* 150 F.R.D. 92, 94–95 (S.D.Tex.1993). The Insurance Code's "focus and its reach go to the business entities that provide insurance, *not the employees* of those providers." *Ayoub,* 820 F.Supp. at 299 (citing TEX. INS.CODE ANN. art. 21.21, § 1(a))(emphasis added). "To hold otherwise would be to conclude that Texas intended to put every individual employee of an insurance provider at risk of liability for trade practices of the employer." *Ayoub,* 820 F.Supp. at 299. Nothing in the statute "suggests that private claims against individual employees are part of the Texas scheme." *Ayoub,* 820 F.Supp. at 299.

Moreover, the term "legal entity" simply does not contemplate insurance company employees the way that it does insurance companies, independent agents, insurance brokers, independent adjusters, or independent life insurance counselors. *See* TEX. INS.CODE art. 21.07, § 6(a)(providing for licensing of agents in general, who may represent multiple insurers); *Employers Cas. Co. v. Mireles,* 520 S.W.2d 516, 520 (Tex.Civ.App.—San An-

tonio 1975, writ ref'd. n.r.e.)(noting distinction between independent agents and insurance company employee agents); TEX. INS. CODE art. 21.07–7, § 2(2)(providing for licensing of brokers and defining broker as "a person, *other than an officer or employee of an insurer,* who solicits, negotiates, or places reinsurance business on behalf of an insurer ....")(emphasis added); TEX. INS.CODE art. 21.07–4, § 1(a)(providing for licensing and regulation of insurance adjusters who may be an independent contractor or an employee); TEX. INS.CODE art. 21.07–2, § 3 (providing for licensing and regulation of independent life insurance counselors and expressly excluding insurance company employees from statute's scope).

Where the Legislature intended to impose personal liability under the Insurance Code, it has done so expressly. Article 21.02 provides:

> Any person who solicits insurance on behalf on any insurance company ... without such company having first complied with the requirements of the laws of this State, shall be *personally liable* to the holder of any policy of insurance in respect of which such act was done for any loss covered by the same.

TEX. INS.CODE art. 21.02 (emphasis added); *see also* TEX. INS.CODE art. 21.02–1 (imposing fines against individuals if violations occur while working for an unauthorized company) and art. 21.07–1, § 2(b)(imposing personal liability for insured's losses if policy is from an unauthorized company). Therefore, absent evidence that an insurance company employee acted for a noncomplying company, there can be no individual liability against an insurance company employee acting in the course and scope of employment. *See generally* TEX. INS.CODE art. 1.14–1 (concerning general compliance laws for insurers in Texas and Legislature's concern about unauthorized insurance companies); *see also* TEX. INS.CODE art. 21.21, § 2(a); *Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex.1995)(regarding general rule about an employee's individual liability).

Of course, an insurer may be liable for its employees' misrepresentations. *See Celtic*

*Life Ins. Co. v. Coats,* 885 S.W.2d 96, 98 (Tex.1994); *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 700 (Tex.1994); *Royal Globe Ins. Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 693 (Tex.1979). A suit against an insurer alleging that the insurer's employee, acting in the scope of employment, committed wrongful acts under the Insurance Code, accomplishes the same goal as suing the employee: The insurer is the party responsible for damages caused by its employees' acts within the scope of their employment. *See Celtic Life,* 885 S.W.2d at 98; *Natividad,* 875 S.W.2d at 700; *see also Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149 (Tex.1994)("The obligations imposed by art. 21.21 of the Insurance Code and *Vail* are engrafted onto the contract between the insurer and insured...").

Here, Garrison's insurance contract is with Liberty, not with Liberty's employee, Garrett. It is the contract that vests the insurer with exclusive control over its relationship with the insured. *See Natividad,* 875 S.W.2d at 696. As with its common law duties to the insured, the disputed statutory duties here begin and end with Liberty—"the buck stops with them." *Natividad,* 875 S.W.2d at 698 n. 7. I would reverse the court of appeals and affirm the trial court's summary judgment for Garrett against Garrison's Insurance Code claim.

### III. CONCLUSION

I would hold that a statutory cause of action under the Insurance Code does not exist against an insurance company employee for his or her acts in the course and scope of employment. Because the Court holds otherwise, I respectfully dissent.

