# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 24, 2003

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th floor
Houston, Texas 77002-1700

Opinion No. GA-0105

Re: Authority of the presiding judge of the statutory probate courts to adopt statewide local rules of administration for the statutory probate courts (RQ-0028-GA)

Dear Mr. Stafford:

You ask about the authority of the presiding judge of the statutory probate courts to adopt statewide local rules of administration for the statutory probate courts.[1]

Chapter 25 of the Government Code prescribes the jurisdiction, powers, and duties of the statutory county courts. *See* TEX. GOV'T CODE ANN. §§ 25.0003 (jurisdiction); 25.0004 (powers, duties, immunities, and privileges) (Vernon Supp. 2003). Subchapter B of chapter 25 addresses statutory probate courts, a special category of statutory county courts. The term "statutory probate court" is defined as "a statutory court designated as a statutory probate court under Chapter 25, Government Code." TEX. PROB. CODE ANN. § 3(ii) (Vernon 2003). Section 25.0021(b) of the Government Code provides:

> A statutory probate court as that term is defined in Section 3(ii), Texas Probate Code, has:
>
> > (1) the general jurisdiction of a probate court as provided by the Texas Probate Code; and
>
> > (2) the jurisdiction provided by law for a county court to hear and determine actions, cases, matters, or proceedings instituted under:
>
> > > (A) Section 166.046, 192.027, 193.007, 552.015, 552.019, 711.004, or 714.003, Health and Safety Code;

---

[1]*See* Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 12, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

> (B) Chapter 462, Health and Safety Code; or
>
> (C) Subtitle C or D, Title 7, Health and Safety Code.

TEX. GOV'T CODE ANN. § 25.0021(b) (Vernon Supp. 2003).

Section 25.0022(b) of the Government Code directs "[t]he judges of the statutory probate courts" to "elect from their number a presiding judge of the statutory probate courts." *Id.* § 25.0022(b). "The presiding judge serves a four-year term from the date of qualification as the presiding judge." *Id.* Subsection (c) authorizes "[t]he presiding judge" to "perform the acts necessary to carry out this section and to improve the management of the statutory probate courts and the administration of justice." *Id.* § 25.0022(c). Subsection (d) prescribes eight duties of the presiding judge. The two most relevant to the present inquiry are the following:

> (1) ensure the promulgation of local rules of administration in accordance with policies and guidelines set by the supreme court;
>
> . . . .
>
> (3) perform a duty of a local administrative statutory probate court judge if the local administrative judge does not perform that duty;

*Id.* § 25.0022(d)(1), (3).

Subsections (c) and (d) were adopted by the Seventy-seventh Texas Legislature, with an effective date of September 1, 2001. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 820, 2001 Tex. Gen. Laws 1606, 1607. On September 4, 2001, the Honorable Guy Herman, at that time the presiding judge of the statutory probate courts, issued Administrative Order 2001-11. *See* Administrative Order 2001-11 ("Exhibit A," attached to Request Letter, *supra* note 1). That order adopted four "rules of administration" to "govern the operation of the statutory probate courts of Texas, effective October 1, 2001." *Id.* at 1. Rule 1 provides that "[e]ach county that has a statutory probate court shall have a local administrative statutory probate court judge." *Id.* Rule 2 prescribes the duties of the local administrative statutory probate court judge. *See id.* at 1-2.[2]

---

[2]A local administrative statutory probate court judge, for the statutory probate courts for which the judge serves as local administrative judge, shall:

> (1) implement and execute the local rules of administration, including the assignment, docketing, transfer, and hearing of cases;
>
> (2) promulgate local rules of administration if the other statutory probate court judges do not act by a majority vote;

(continued...)

Rule 3 directs that "[t]he statutory probate court judges in each county shall, by majority vote, adopt local rules of administration." *Id.* at 2. Rule 3 also requires that "[t]he rules must provide for: (1) the assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations of the statutory probate courts and local statutes governing the filing of cases and proceedings; and (2) fair and equitable division of caseloads taking into consideration local statutes governing same." *Id.* In addition, "[t]he rules may: (1) designate courts responsible for certain matters; (2) provide for judicial vacation, sick leave, attendance at educational programs, and similar matters; and (3) provide for any other matter necessary to carry out these rules or to improve the administration and management of the court system and its auxiliary services." *Id.* Finally, Rule 3 declares that, "[w]hen a case is transferred from one court to another as provided by this section, all processes, writs, bonds, recognizances, or other obligations issued from the transferring court are returnable to the court to which the case is transferred as if originally issued by that court." *Id.* Rule 4 prescribes a number of mandatory and permissive rules regarding the filing and hearing of cases. *See id.* at 2-3. You ask whether the presiding judge of the statutory probate courts was authorized to promulgate these rules.

Subsection (c) of section 25.0022 of the Government Code authorizes the presiding judge to "perform the acts necessary to carry out this section and to improve the management of the statutory probate courts and the administration of justice." TEX. GOV'T CODE ANN. § 25.0022(c) (Vernon Supp. 2003). Subdivisions (1) and (3) of subsection (d), in turn, *require* the presiding judge of the statutory probate courts to "ensure the promulgation of local rules of administration," and to "perform a duty of a local administrative statutory probate court judge if the local administrative judge does not perform that duty." *Id.* § 25.0022(d)(1), (3).

---

[2](...continued)

  (3) recommend to the Presiding Judge any needs for assignment from outside the county to dispose of court caseloads;

  (4) supervise the expeditious movement of court caseloads, subject to local, regional, and state rules of administration;

  (5) provide to the office of court administration or the Presiding Judge any requested statistical and management information;

  (6) set the hours and places for holding court in the county;

  (7) supervise the employment and performance of nonjudicial personnel, if any, that are employed to assist in local administration;

  (8) supervise the budget and fiscal matters of the local statutory probate courts if there is a uniform statutory probate court budget process;

  (9) coordinate and cooperate with any other local administrative court judge in the county in the assignment of cases in the courts' concurrent jurisdiction for the efficient operation of the court system and the effective administration of justice; and

  (10) perform other duties as may be directed by the Presiding Judge.

Administrative Order 2001-11, at 1-2 ("Exhibit A," attached to Request Letter, *supra* note 1).

We must presume that the legislature does not enact meaningless provisions and that subsections (c), (d)(1), and (d)(3) of section 25.0022 have an ascertainable and definite meaning. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998) ("[W]e do not lightly presume that the Legislature may have done a useless act."); *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) ("[I]t is well established that every word in a statute is presumed to have been used for a purpose and that the Legislature did not intend to do a useless thing by putting a meaningless provision in a statute.") (citations omitted). *See also* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998) ("[I]n enacting a statute, it is presumed that," *inter alia*, "a result feasible of execution is intended.").

In the situation in question, the presiding judge of the statutory probate courts, in the absence of statutory provisions authorizing probate courts to adopt local rules of administration, and provisions that create the position of local administrative statutory probate court judge, has attempted to fulfill the statutory mandate of subsection (c) and subdivisions (1) and (3) of subsection (d) of section 25.0022 of the Government Code by himself promulgating local rules of administration. No statute prohibits his doing so. Moreover, the four referenced rules fall within a strict reading of the broad language of subsections (c), d(1), and d(3). By promulgating these four rules, the presiding judge has "ensur[ed] the promulgation of local rules of administration"; he has "perform[ed] a duty of a local administrative statutory probate court judge"; and most significantly, he has "perform[ed] the acts necessary to carry out this section and to improve the management of the statutory probate courts and the administration of justice." *Id.* § 25.0022(c), (d)(1), (3) (Vernon Supp. 2003). We conclude that the presiding judge of the statutory probate courts was and is authorized to adopt statewide local rules of administration for the statutory probate courts.

# S U M M A R Y

The presiding judge of the statutory probate courts was and is authorized to promulgate statewide local rules of administration for the statutory probate courts.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee