

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 5, 2006

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. GA-0453

Re: Procedures for an election to approve the annexation of territory by a junior college district (RQ-0474-GA)

Dear Commissioner Paredes:

On behalf of Coastal Bend College you ask us to interpret sections 130.063, 130.065 and 130.068 of chapter 130, Texas Education Code, which relate to a junior college district annexation election.[1] Specifically, you ask us to

> [a]ssume an annexation election is properly called under Section 130.065 of the Texas Education Code for the annexation of multiple school districts and/or multiple counties (i.e., annexation of all the territory located within a district's service area as contemplated under Section 130.068 of the Texas Education Code). Also assume that the measure receives a favorable vote of a majority of those voters voting on the measure in multiple school districts and/or multiple counties; however, it does not receive a favorable vote of a majority of those voters voting on the measure in a single school district or single county. Based upon these assumptions:
>
> 1. Can the ballot measure for each school district and/or county pertain to multiple annexations rather than just the single annexation of its school district and/or county?
>
> 2. If so, is the county or school district which did not vote in favor of annexation still subject to annexation based on the election outcomes of the other school districts and/or counties?

Request Letter, *supra* note 1, at 1. In essence, you ask whether a junior college district may annex territory that encompasses multiple school districts and counties in a single annexation election

---

[1]*See* Letter from Raymund A. Paredes, Ph.D., Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 6, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

determined by a majority vote of the voters in the whole of the proposed territory, or whether a single election held in each school district and county determined by a majority vote of the voters in each individual school district and county is required.

"Our objective when we construe a statute is to determine and give effect to the Legislature's intent." *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (citations omitted). To ascertain that intent, we look to the literal text in question and give effect to the plain meaning unless the language is ambiguous or would lead to absurd results. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We do not focus only on isolated words, phrases, and sections, but instead consider the statute as a whole. *See Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). With these rules in mind, we turn to your questions.

Section 130.063 authorizes the annexation of territory by a junior college district. *See* TEX. EDUC. CODE ANN. § 130.063 (Vernon Supp. 2006); *see also* Tex. Att'y Gen. LO-89-26, at 2 (stating that the prior version of section 130.063 "supplies the substantive authority for annexation"). Subsection 130.063(a) provides that "[s]ubject to Subsection (b), territory may be annexed to a junior college district by contract under Section 130.064 or election under Section 130.065" if the territory is contiguous or within the junior college district's service area. TEX. EDUC. CODE ANN. § 130.063(a) (Vernon Supp. 2006). Subsection (b) imposes a limitation on territory proposed for annexation by requiring that the territory be "located wholly within a single school district, county, or municipality." *Id.* § 130.063(b). Subsection (b) does, however, permit a junior college district to conduct annexation elections "for more than one territory at the same time." *Id.*

Section 130.065 sets out the procedures to be followed if the junior college district annexes territory by election. *See id.* § 130.065(a)–(*l*); *see also* Tex. Att'y Gen. LO-89-26, at 2 (stating prior version of section 130.063 "supplies the substantive authority for annexation"). Section 130.065 requires an annexation election to be conducted under the Election Code. *See* TEX. EDUC. CODE ANN. § 130.065(e) (Vernon Supp. 2006). Subsection 130.065(f) specifically provides that the election "shall be held only in the territory proposed for annexation, and only those registered voters residing in the territory are permitted to vote." *Id.* § 130.065(f). The ballot language for the annexation question is to include a "description of the territory proposed for annexation." *Id.* § 130.065(g). And "[t]he measure is adopted if the measure receives a favorable vote of a majority of those voters voting on the measure." *Id.* § 130.065(h).

Section 130.068 provides that the "governing board of a junior college district may order an election on the question of establishing expanded boundaries for the junior college district to encompass [all or part] of the territory located within the district's service area established by Subchapter J" under specified circumstances. *Id.* § 130.068(a)–(b). Subsection 130.068(a) relates to the expansion of the junior college district to "encompass *all* of the territory located within the district's service area established by Subchapter J." *Id.* § 130.068(a) (emphasis added). And subsection 130.068(b) pertains to the expansion of the junior college district to "encompass *part* of the territory located within the district's service area established by Subchapter J." *Id.* § 130.068(b) (emphasis added); *see generally* Tex. Att'y Gen. Op. No. GA-0314 (2005). Subchapter J defines

a junior college district's service area and usually describes the service area to include multiple counties and school districts. *See* TEX. EDUC. CODE ANN. §§ 130.161–.211 (Vernon 2002 & Supp. 2006).

You first ask us to determine whether a junior college district may annex in one election and by one ballot measure territory that includes multiple school districts or counties. *See* Request Letter, *supra* note 1, at 1. Again, your question requires us to construe and reconcile the language in subsections 130.068(a) and (b), which seemingly authorize annexation in a single election of the entirety of the junior college district's service area, with the territorial limitation in subsection 130.063(b) that requires separate elections for each school district or county.

As noted above, under section 130.063 annexations by contract or by election are subject to the territorial limitation that the territory be "located wholly within a single school district, county, or municipality." TEX. EDUC. CODE ANN. § 130.063(a)–(b) (Vernon Supp. 2006). We believe the territorial limitation in subsection 130.063(b) applies to any annexation election whether called under section 130.065 or section 130.068. An annexation election under section 130.065 upon the presentation of a voter petition is expressly subject to the limitation in subsection 130.063(b). *See id.* § 130.063(a) ("Subject to Subsection (b), territory may be annexed . . . by . . . election under Section 130.065 . . . ."). And while read in isolation section 130.068 may appear to authorize annexation of territory encompassing multiple school districts or counties in a single election, an annexation election called under subsection 130.068(a) or (b) pursuant to student benchmarks is nevertheless conducted under section 130.065. *See id.* § 130.068(a)–(b) ("to encompass [all or part] of the territory located within the district's service area"); *id.* § 130.068(c) ("Section 130.065 applies to an action taken under this section . . . ."); *see also* Tex. Att'y Gen. Op. No. GA-0452 (2006) at 3 (construing section 130.068 to be a narrow exception to the petition requirement of section 130.065). And as we previously recognized, any annexation election conducted under 130.065 is expressly subject to the territorial limitation of section 130.063(b). *See* TEX. EDUC. CODE ANN. § 130.063(a)–(b) (Vernon Supp. 2006). Therefore an annexation election called pursuant to section 130.068 and conducted under section 130.065 may include only territory that is "located wholly within a single school district, county, or municipality." *Id.* § 130.063(b).

Accordingly, we conclude that a junior college district, including Coastal Bend College, may not annex territory that includes more than one school district or county in a single election. If a junior college district's service area contains more than one school district, county, or municipality that is not already part of the junior college district, then annexation under subsection 130.068(a) or (b) would require multiple elections that could be conducted simultaneously. *See id.* § 130.063(b); *see also* Tex. Att'y Gen. LO-89-26, at 4 n.1. And a junior college district may annex only those territories in which a majority of those voting vote in favor of the annexation. *See* TEX. EDUC. CODE ANN. § 130.065(h) (Vernon Supp. 2006).

Because your second question is contingent upon an affirmative answer to your first question, we need not address it.

## S U M M A R Y

Under chapter 130, Texas Education Code, a junior college district may not conduct a single annexation election for territory that includes more than one school district or county. Where territory proposed for annexation includes more than one school district or county, then annexation under subsection 130.068(a) or (b) would require multiple elections that could be conducted simultaneously.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee