

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 24, 2007

The Honorable Patrick M. Rose
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0565

Re: Proper calculation of the fee that a campaign manager may charge to a charitable organization for services rendered in connection with the state employee charitable campaign (RQ-0574-GA)

Dear Representative Rose:

You ask about the proper calculation of the fee that a campaign manager may charge to a charitable organization for services rendered in connection with the state employee charitable campaign.[1]

Chapter 659, subchapter I of the Government Code requires that a state employee charitable campaign be conducted annually. *See* TEX. GOV'T CODE ANN. § 659.138 (Vernon 2004) ("A state employee charitable campaign shall be conducted each autumn."). The program permits state employees, on a voluntary basis, to authorize paycheck deductions to support charitable organizations. *See id.* §§ 659.132 (authorizing voluntary deductions); .133 (participation by state employee is voluntary). Although the campaign is statewide, it is conducted on a local level in each of several local campaign areas. *See id.* § 659.140(e) (providing for local campaign areas and a state campaign manager). Each local campaign is conducted by the local state employee charitable campaign committee, which appoints a local campaign manager. *See id.* § 659.143. Your question relates to the fees that a local campaign manager may charge to a participating eligible charitable organization. *See* Request Letter, *supra* note 1, at 1. The proper calculation of those fees is determined by section 659.148, which provides in part as follows:

> (b) A campaign manager may charge a reasonable and necessary fee for actual campaign expenses to the participating charitable organizations in the same proportion that the contributions to that charitable organization bear to the total of contributions in the state employee charitable campaign.

---

[1]*See* Letter from Honorable Patrick M. Rose, Chair, Committee on Human Services, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Feb. 26, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (c) A fee under Subsection (b) must be based on the combined expenses of the state campaign manager and each local campaign manager and may not exceed 10 percent of the total amount collected in the state employee charitable campaign unless the state policy committee approves a higher amount to accommodate reasonable documented costs.

TEX. GOV'T CODE ANN. § 659.148(b)–(c) (Vernon 2004).

Section 659.148 sets out a formula for calculating a campaign manager's "reasonable and necessary fee": the fee charged to a charitable organization must be directly related to the proportion that the "contributions to that charitable organization bear to the total of contributions in the state employee charitable campaign" as a whole. *Id.* § 659.148(b). Moreover, the fee must be based on the combined expenses of the state and local campaign manager. *See id.* § 659.148(c). Finally the fee may not exceed ten percent of the total amount collected in the state employee charitable campaign. *See id.*[2]

You ask, in effect, whether subsection (c) provides that each local campaign manager is limited to a ten percent fee of the total amount of contributions collected for his particular area, or whether the combined fees of the state campaign manager and all local campaign managers are limited to ten percent of the total amount of contributions collected in the aggregate state employee charitable campaign. *See* Request Letter, *supra* note 1, at 1.

Like the courts, this office must construe a statute so as to give effect to the Legislature's intent. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). To accomplish that purpose, we begin by looking at the plain and common meaning of the statute's text. *See id.* According to the language of subsection 659.148(c), the fee calculation must be based on the aggregate amount of contributions collected in the entire statewide campaign. Subsection (b) speaks in terms of "the total of contributions." TEX. GOV'T CODE ANN. § 659.148(b) (Vernon 2004). Subsection (c) refers to "combined expenses of the state campaign manager and each local campaign manager," and to "10 percent of the *total* amount collected."[3] *Id.* § 659.148(c) (emphasis added). If, for example, one local campaign manager's expenses exceed ten percent of the contributions collected for his area, he may still be eligible to collect the full amount of his expenditures, provided the combined expenses of the statewide campaign manager and the local campaign managers do not exceed ten percent of the total statewide contributions.

We conclude that the proper calculation of the fee described by section 659.148(c), Government Code, must be based upon the aggregate amount of contributions collected on a statewide basis.

---

[2]The fee *may* exceed ten percent *if* "the state policy committee approves a higher amount to accommodate reasonable documented costs." TEX. GOV'T CODE ANN. § 659.148(c) (Vernon 2004).

[3]The Comptroller's rules also use the terms "combined expenses" and "total combined fee." *See* 34 TEX. ADMIN. CODE §§ 326.1, 327.1 (2007) (concerning ten percent cap).

## S U M M A R Y

The proper calculation of the fee described by section 659.148(c), Government Code, must be based upon the aggregate amount of contributions collected on a statewide basis.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee