Opinion issued May 4, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00245-CV

———————————

ACS Partners, LLC, Appellant

V.

ALLEN GROSS, Appellee



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No. 2010-48193

 



 

MEMORANDUM OPINION

          Appellant
ACS Partners, LLC appeals the trial court’s interlocutory order granting
appellee Allen Gross’s special appearance. 
See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(7) (West 2008); Tex. R. Civ. P. 120a.  ACS argues that the trial court has personal
jurisdiction over Gross, who is the manager of a Delaware limited liability
company, because the company’s certificate of authority was forfeited for
failure to satisfy Texas franchise tax requirements.  We affirm the trial court’s order dismissing
Gross from the case.

Background

          In 2009, ACS contracted with Chateau
Carmel, LP and Windswept Realty, LP, which are both Delaware limited
partnerships, to perform improvements to two apartment complexes located in
Houston and respectively owned by Chateau Carmel and Windswept.  Alleging that it was not paid for work under
those contracts, ACS sued GFI Houston Holdings Management, LLC and Allen Gross.  GFI is a Delaware limited liability company,
and Gross is a resident of New York.  ACS
alleged in its original petition that GFI was a general partner of both Chateau
Carmel and Windswept, and that Gross was a manager of GFI.  ACS further alleged that GFI and Gross are
subject to the personal jurisdiction of the court “because they do business in
Texas.”

Gross filed a special appearance supported by his sworn
affidavit, wherein he testified that he was an employee of GFI, had a business
address in New York City, and lived in the state of New York his entire life.  GFI filed an answer but did not file a
special appearance.

Before the trial court held a hearing on Gross’s special
appearance, ACS filed a second amended petition.  As to GFI, ACS alleged that jurisdiction is
proper in Texas because “GFI is the general partner of the two entities that
entered into the subject contracts in Texas . . . .”  As to Gross, ACS alleged that jurisdiction is
proper because GFI’s certificate of authority had been forfeited in 2005, and
thus under an “alter ego theory,” GFI’s jurisdictional contacts became
imputable to Gross.  ACS did not allege
any other facts in the second amended petition to support jurisdiction over
Gross.

          At the hearing on Gross’s special
appearance, the trial court ordered the parties to submit legal briefs on the
special appearance issue.  ACS attached
to one of its briefs a “Certificate of Account Status” issued by the Texas
Comptroller of Public Accounts reflecting that GFI was not in good standing
because “it has not satisfied all franchise tax requirements.”  ACS argued that Section 171.255(a) of the Tax
Code—which
under certain circumstances makes corporate directors and officers liable for
corporate debts incurred after a tax becomes due but is unpaid—operated not only to make Gross
personally liable for the debts of GFI, but also to confer personal
jurisdiction over Gross.  See Tex.
Tax Code Ann.
§ 171.255(a) (West 2008).  ACS also presented to the trial court
printouts from the Texas Secretary of State website.  The documents showed that in “last updates”
dated September 2006, GFI was listed as the general
partner of Chateau Carmel and Windswept. 
They also showed that in a “last update” dated June 2003, Gross was
listed as a manager of GFI.

          Gross denied having sufficient contacts
with Texas or the underlying litigation to be subject to personal jurisdiction in
the state.  Gross submitted his sworn
affidavit stating that he was a resident of New York and not of Texas.  Gross also stated that by the time Chateau
Carmel and Windswept executed the contracts at issue, GFI was no longer the
general partner of those companies.  To
support this, Gross submitted the affidavit of attorney Moshe Lehrfied, stating that in 2004 and 2005 GFI transferred all
its interests in Chateau Carmel and Windswept to other entities.  Lehrfield’s
affidavit did not state, and the appellate record does not otherwise reflect,
who owns or manages the transferee companies.

          In response, ACS argued that even if
GFI transferred all its interests in the limited partnerships before the 2009
contracts were executed, GFI remained liable for the debts of the limited
partnerships because according to the 2006 “last updates” on record with the
Secretary of State, GFI failed to amend the limited partnerships’ registrations
as required by law to reflect the change in general partners.  Thus, ACS argued, personal jurisdiction could
be asserted over Gross by virtue of GFI’s status as the officially registered
general partner and the forfeiture of GFI’s certificate of authority.

          The trial court granted Gross’s
special appearance, thereby dismissing him from the suit for want of
jurisdiction.  The trial court did not file
findings of fact or conclusions of law related to that order.

Analysis

I.              
Standard of review

Whether a trial court has personal jurisdiction over a nonresident
defendant is a mixed question of fact and law. 
See BMC Software
Belg., N.V. v. Marchand, 83
S.W.3d 789, 794 (Tex. 2002); Glattly v. CMS Viron Corp., 177 S.W.3d 438, 445 (Tex. App.—Houston
[1st Dist.] 2005, no pet.).  The
trial court’s factual findings concerning the existence of personal
jurisdiction may be reviewed for legal and factual sufficiency, while the legal
conclusions based upon those findings constitute a question of law subject to
de novo review.  See BMC Software, 83 S.W.3d at 794; Glattly, 177
S.W.3d at 445.  When, as in this case,
the trial court does not make findings of fact and conclusions of law in
support of its determination on a special appearance, “all facts necessary to
support the judgment and supported by the evidence are implied.”  BMC
Software, 83 S.W.3d at 795.

II.           
Personal jurisdiction

In the context of a special appearance, “the plaintiff and the defendant
bear shifting burdens of proof in a challenge to personal jurisdiction.”  Kelly v. Gen. Interior Const., Inc., 301 S.W.3d 653, 658 (Tex.
2010).  Ordinarily, the plaintiff
bears the initial burden of pleading allegations sufficient to assert personal
jurisdiction over a nonresident defendant, and upon filing a special
appearance, the nonresident defendant assumes the burden to negate all of the plaintiff’s alleged bases of personal
jurisdiction.  Am. Type Culture Collection, Inc. v. Coleman,
83 S.W.3d 801, 807 (Tex. 2002).  “Because
the plaintiff defines the scope and nature of the lawsuit, the defendant’s
corresponding burden to negate jurisdiction is tied to the allegations in the
plaintiff’s pleading.”  Kelly, 301 S.W.3d at
658.

The alleged basis for
personal jurisdiction over a nonresident defendant must be consistent with both
the Texas long-arm statute and the Due Process Clause of the Fourteenth
Amendment.  See Moki Mak River
Expeditions v. Drugg, 221 S.W.3d 569, 574 (Tex. 2007); Lamar v. Poncon,
305 S.W.3d 130, 136 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  The long-arm statute lists several activities
that constitute “doing business” in Texas for jurisdictional purposes.  Tex Civ. Prac. & Rem. Code Ann. § 17.042
(West 2008); see also BMC Software, 83 S.W.3d at 795 (noting
that listed activities are “not exclusive”).

ACS, as the plaintiff, bears the initial burden to allege in the trial
court a valid basis for personal jurisdiction under the long-arm statute.  Coleman,
83 S.W.3d at 807. 
However, in its live petition, ACS did not allege that Gross performed
any of the acts listed in the long-arm statute, or that Gross did anything else
that constituted “doing business” in Texas. 
“If the plaintiff fails to plead facts bringing the defendant within
reach of the long-arm statute . . . the
defendant need only prove that it does not live in Texas to negate jurisdiction.”  Kelly,
301 S.W.3d at 658–59. 
The defendant can meet this burden by filing an affidavit testifying to
that fact.  See Touradji v. Beach Capital P’ship, L.P., 316 S.W.3d 15, 25 (Tex. App.—Houston [1st
Dist.] 2010, no pet.) (citing Kelly, 301 S.W.3d at 659).

Gross’s special appearance was supported by his sworn affidavit, in which
he states that he is a full-time resident of New York, has been domiciled in
New York for over forty years, does not reside in Texas, and has never resided
in Texas.  Thus, given ACS’s failure to
allege jurisdictional facts relevant to the long-arm statute, Gross has met his
burden to negate personal jurisdiction based upon his own forum contacts.  See
Kelly, 301 S.W.3d at 658–59; Touradji, 316 S.W.3d at 25.

However, ACS has also alleged personal jurisdiction over Gross based on an
“alter ego theory.”  This circumstance
presents an exception to the general rule about the burdens of proof.  See Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P., 184
S.W.3d 242, 250 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing BMC Software,
83 S.W.3d at 798–99).  When the plaintiff
alleges jurisdiction based on an alter ego theory, it bears the initial burden
to prove facts that justify imputing another party’s contacts with the forum to
the defendant.  See BMC Software, 83 S.W.3d at 799.

In BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789 (Tex. 2002), the Texas Supreme
Court referenced the alter ego exception for pleading burdens in the context of
a plaintiff seeking to “fuse” a parent company and its subsidiary for
jurisdictional purposes.  See BMC Software, 83
S.W.3d at 798–99.  Our court has “logically . . . extended” that exception to attempts
to “fuse” a corporation with its corporate officers, “because the same presumption
of legal separateness exists with regard to a corporation and its
officers.”  Tri-State, 184 S.W.3d at 250.  Similarly, there is a presumption of legal
separateness between a limited liability company and its managers.  See
McCarthy v. Wani Venture, A.S., 251 S.W.3d 573,
590 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (“Generally, members are
not individually liable for the debts of the LLC.”).  This presumption holds regardless of whether
the limited liability company was formed in Texas or in Delaware.  Compare
Tex. Bus. Orgs.
Code Ann. § 101.114 (West 2009) (providing that managers are
ordinarily not liable for limited liability company’s debts), with Del.
Code tit. 6, § 18-303(a) (same); see also Tex. Bus. Orgs. Code Ann. § 9.203 (West 2009) (“[I]n any
matter that affects the transaction of intrastate business in this state, a
foreign entity and each member, owner, or managerial official of the entity is
subject to the same duties, restrictions, penalties, and liabilities imposed on
a domestic entity to which it most closely corresponds or on a member, owner,
or managerial official of that domestic entity.”).  Therefore, ACS, as the plaintiff, bears the
burden of proving that the forum contacts of GFI and Gross should be “fused” for
jurisdictional purposes.

ACS does not premise
its jurisdictional veil-piercing theory on the jurisdictional alter ego
doctrine reflected in our state’s case law, which ordinarily requires the
plaintiff to show that one of two entities exerted a level of control over the
other such that in reality they constituted the same entity.  See, e.g., PHC-Minden, L.P. v. Kimberly-Clark Corp., 235 S.W.3d 163, 175 (Tex. 2007); BMC
Software, 83 S.W.3d at 799.  Rather, ACS asserts that Gross is subject to
personal jurisdiction in Texas by virtue of the Tax Code, which provides in
relevant part:

If the corporate privileges of a
corporation are forfeited for the failure to file a report or pay a tax or
penalty, each director or officer of the corporation is liable for each debt of
the corporation that is created or incurred in this state after the date on
which the report, tax, or penalty is due and before the corporate privileges
are revived.

Tex. Tax Code Ann. § 171.255(a).  ACS argues that the forfeiture of GFI’s
certificate of authority pursuant to Section 171.255(a) means that GFI became
“fused” with Gross for jurisdictional purposes such that GFI’s contacts in
Texas are imputable to Gross.

          “In
construing statutes, ‘our primary objective is to ascertain and give effect to
the Legislature’s intent.’”  Hernandez v. Ebrom,
289 S.W.3d 316, 318 (Tex. 2009) (quoting City
of Marshall v. City of Uncertain, 206 S.W.3d 97, 105 (Tex. 2006)).  “However, it is cardinal law in Texas that a
court construes a statute, ‘first, by looking to the plain and common meaning
of the statute’s words.’”  Fitzgerald v. Advanced Spine Fixation Sys.,
Inc., 996 S.W.2d 864, 865 (Tex. 1999) (quoting Liberty Mut. Ins. Co. v. Garrison
Contractors, 966 S.W.2d 482, 484 (Tex. 1998)).  “Unambiguous statutory language is
interpreted according to its plain language unless such an interpretation would
lead to absurd results.”  Hernandez, 289 S.W.3d at 318 (citing Fleming Foods of Tex., Inc. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999)).  When construing a statute according to its
plain language, we “may not add language that is not implicitly contained in
the language of the statute.”  Villarreal v. Wells Fargo Brokerage Servs.,
LLC, 315 S.W.3d 109, 122 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  Moreover, “[i]t is
well-settled that section 171.255 must be strictly construed to protect
those individuals against whom liability is sought because it is penal in
nature and cannot be extended beyond the clear meaning of its language.”  Tri-State,
184 S.W.3d at 251.

          We
conclude that the operation of Section 171.255 does not create a basis for
asserting personal jurisdiction over a nonresident officer or director of an
entity that enjoys or once enjoyed corporate privileges in Texas.  Notably, Section 171.255 does not
mention jurisdiction in any way.  The
“central concern of the inquiry into personal jurisdiction” is “the
relationship among the defendant, the forum, and the litigation.”  Shaffer v. Heitner, 433 U.S. 186, 204, 97
S. Ct. 2569, 2580 (1977).  Even if the plaintiff proves that the entity’s privileges have been
forfeited, that fact only establishes the potential liability of the entity’s officers
or directors, not personal jurisdiction over those persons.  This is because the defendant’s potential
liability to the plaintiff is not dispositive of our personal-jurisdiction
inquiry.  Cf. Glattly, 177 S.W.3d at 449 (“Ultimate
tort liability is not a jurisdictional fact; the merits of claims are not at
issue during a special appearance; and the proof necessary to show personal
jurisdiction is only that the purposeful act was committed in Texas.”).  The crucial distinction between liability and
personal jurisdiction must be observed because “personal jurisdiction involves
due process considerations that may not be overridden by statutes or the common
law.”  PHC-Minden, 235 S.W.3d at 174.  Given the absence of any mention of
jurisdiction in Section 171.255, the important distinction between
liability and personal jurisdiction, and the rule that Section 171.255
should be “strictly construed,” we conclude that Section 171.255 does not
provide an independent basis for personal jurisdiction over Gross, a
nonresident defendant.

Because ACS has failed to suggest any other factual basis for asserting
personal jurisdiction over Gross, we overrule ACS’s sole issue.

Conclusion

          We
affirm the order of the trial court granting Gross’s special appearance and
dismissing him from the suit.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Keyes,
Higley, and Massengale.