ACCEPTED
01-14-00133-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/29/2015 10:43:39 AM
CHRISTOPHER PRINE
CLERK

No. 01-14-00133-CV

In the
Court of Appeals
for the First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/29/2015 10:43:39 AM
CHRISTOPHER A. PRINE
Clerk

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
*Appellant/Cross-Appellee,*

**v.**

**JOSEPH HAYES, JR. AND JOANNE HAYES,**
*Appellees/Cross-Appellants.*

Appealed from 165th Judicial District Court,
Harris County, Texas
Cause No. 2009-63319

**Oral Argument Handout
For Joseph Hayes, Jr. And Joanne Hayes**

**October 1, 2009 Notice Letter (CR 26-28)**

René M. Sigman
THE MOSTYN LAW FIRM
3810 West Alabama Street
Houston, Texas 77027
713.861.6616–telephone
713.861.8084–facsimile

Randal Cashiola
CASHIOLA & BEAN
2090 Broadway Street, Suite A
Beaumont, Texas 77701
409.813.1443–telephone
409.813.1467–facsimile

Jennifer Bruch Hogan
Richard P. Hogan, Jr.
HOGAN & HOGAN
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002
713.222.8800–telephone
713.222.8810–facsimile

**Oral Argument** **April 29, 2015**

46312_1

Filed 09 October 1 A10:50
Loren Jackson - District Clerk
Harris County
ED101J015531855
By: Furshilla Brantley

**"EXHIBIT 1"**

<u>NOTICE LETTER</u>
**October 1, 2009**
Via Hand Delivery with Petition

**United Services Automobile Association**
President, Josue Robles, Jr.
9800 Fredericksburg Rd.
San Antonio, Texas 78288

**Eberl's Claims Service, Inc.**
Registered Agent, Kirk J. Eberl
Lakewood, Colorado 80235-2201

**Cynthia Melena**
3106 Jeanette Ct.
Austin, Texas 78745

**John Berke III**
3227 Forrester Dr.
Pearland, Texas 77584

**Peter Weakly**
P.O. Box 3619
Alice, Texas 78333

**Re:**  Claimant/Insured:   Joseph Hayes, Jr. and Joanne Hayes
   Policy No.:   004820499-80A
   Claim No.:   4820499-80A-20-7352
   Insured Address:   1403 Wavecrest Ln., Houston, Texas 77062

Ladies and Gentlemen:

Our firm represents Joseph Hayes, Jr. and Joanne Hayes in connection with their claim for damages to the home located at 1403 Wavecrest Ln., Houston, Texas 77062. As you are well aware, Joseph Hayes, III and Joanne Hayes made a claim against their insurance policy on their Hurricane Ike related damages. United Services Automobile Association issued the policy to Joseph Hayes, Jr. and Joanne Hayes. Eberl's Claims Service, Cynthia Melena, John Berke III, and Peter Weakly adjusted the claim. To this date, Joseph Hayes, Jr. and Joanne Hayes have yet to receive full payment under the insurance policy.

Undoubtedly, you are aware of your liability to my clients under the Texas Insurance Code, which specifically covers unfair settlement claims. Specifically, you are liable to Joseph Hayes, Jr. and Joanne Hayes jointly and individually for the following violations of the Texas Insurance Code § 541.060:

(1)   Misrepresenting and/or failing to discuss with Joseph Hayes, Jr. and Joanne Hayes, pertinent facts or policy provisions relating to coverage as an issue;

(2)   Failing to acknowledge, with reasonable promptness, pertinent communications with respect to the claim arising under its policy;

26

(3)   Failing to adopt reasonable standards for prompt investigation of the claim arising under its policy;

(4)   Not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim submitted in which liability has become reasonably clear;

(5)   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement;

(6)   Failing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed; and

(7)   Refusing to pay the claims without conducting a reasonable investigation based upon all available information.

Furthermore, the delay in payment to Joseph Hayes, Jr. and Joanne Hayes is also in violation of Texas Insurance Code § 542.055, *et seq.*, thus triggering liability on your part to pay the amount of the claim, plus damages consisting of eighteen percent (18%) per annum of the amount of the claim, along with prejudgment interest and reasonable attorney's fees.

**You, EBERL'S CLAIMS SERVICE, INC., CYNTHIA MELENA, JOHN BERKE III, AND PETER WEAKLY, are further notified that in accordance with *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), you have individual liability separate from that of your employer for violations of the Texas Insurance Code. Therefore, Joseph Hayes, Jr. and Joanne Hayes will be seeking damages and compensation from you personally as well.**

Accordingly, on behalf of Joseph Hayes, Jr. and Joanne Hayes, demand is hereby made that within sixty (60) days from your receipt of this correspondence, the following amounts be paid:

1.   $ 323,000.86        in economic damages;
2.   $ 50,000.00        in mental anguish damages; and
3.   $ 248,667.24        for expenses, including attorney's fees, which you should note will increase as we prepare this case for trial.

_____

   This demand is made in the spirit of compromise. According to our analysis, this demand represents a tremendous savings to you given your potential exposure under the Texas Insurance Code. Thus, we hope this demand is viewed as a good faith and conservative effort on our part to expeditiously resolve this potential litigation on amicable terms.

   If my client's claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover its actual damages, along with damages for mental anguish, prejudgment interest, attorney's fees and breach of the duty of good faith and fair dealing you owe Joseph Hayes, Jr. and Joanne Hayes. In addition, please be aware that recovery in the form of treble damages and additional penalties will also be sought.

   This correspondence will also serve as notification that, pursuant to the Texas Civil Practice & Remedies Code § 38.001, _et seq._, you may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with Joseph Hayes, Jr. and Joanne Hayes. Such payment is a result of Joseph Hayes', Jr. and Joanne Hayes' retainment of our legal services to pursue its remedy for damages and would be paid in addition to the amount of a valid claim for contractual benefits and costs.

   As Joseph Hayes, Jr. and Joanne Hayes are anxious to have this matter resolved promptly, we trust you will immediately respond, in writing, to this formal demand letter. From this point forward, we are the only contact for you or your attorney regarding this matter. Please forward a copy of this letter to your insurance representative for his or her review.

   If you have any questions regarding this matter or need additional information, please feel free to contact this office. However, please do not contact Joseph Hayes, Jr. and/or Joanne Hayes, either orally or in writing, without prior express written permission. Thank you for your attention to this matter.

Sincerely,

THE MOSTYN LAW FIRM

_/s/ W. Shawn Staples_

W. Shawn Staples
WSS/cde